# CHARLESTOWN.

STATE *v.* GIBSON.

(ENGLISH, JUDGE, Absent.)

33  97
43  775

Submitted June 10, 1889.—Decided September 14, 1889.

1. CONTEMPT—PRACTICE.

When a party is guilty of a contempt of a Circuit Court by using insulting language to the judge while holding court, he may be punished therefor without any rule being issued against him; and in such case the judge may act on his own knowledge of what has been said and absolutely refuse to hear any other evidence as to the language used by said party.

2. CONTEMPT—PRACTICE—REVERSAL OF JUDGMENT.

But if the contempt of court was the use of insulting language about the judge not in the court-room but elsewhere and not in the presence of the judge, a rule should be issued against the defendant, and he should be allowed to prove by witnesses the language he actually used ; and, if denied these privileges, the judgment against him will be reversed in the appellate court.

Statement of the case by GREEN, JUDGE:

On the 24th day of August, 1887, in the Circuit Court of Cabell county in the matter of proceedings against Eustace Gibson for contempt this action was taken and entered on record : "Be it remembered, that at this said term, to wit, at a Circuit Court held for Cabell county at the court-house of said county on the 23d day of August, 1887, there was an order made and entered in this cause, which is in the words and figures following, to wit: 'Whereas, it has come to the knowledge of this court, upon the sworn statements in open court of Thos. H. Harvey, A. B. Palmer, I. F. Stewart, and M. S. Thornburg, that Eustace Gibson, at the recess of the court this day for dinner, in the court-house yard, in the

presence of divers persons and before the public, in a loud and boisterous voice used disrespectful, abusive and slanderous language about and of the judge of this Court in relation to his official conduct in the discharge of his duties on the bench in conducting the business of the court, it is therefore ordered that a rule be made against the said Eustace Gibson, and that he be summoned thereon to appear before the judge of this Court on to-morrow morning, at ten o'clock, to show cause, if any he can, why he shall not be fined, attached and imprisoned for his said contempt.' "

"Such rule, in the words and figures following, was at once issued by the clerk, and served that day on Eustace Gibson: 'State of West Virginia. To the sheriff of Cabell county, greeting : We command you that you summon Eustace Gibson to appear before the judge of Cabell county Circuit Court, at the court-house of said county, on the 21st day of the present term of said court, at 10 o'clock A. M., to show cause, if any he can, why he shall not be fined for a certain contempt by him offered to our said court, in this: that at the recess of the court this day for dinner in the court-house yard, in the presence of divers persons, and before the public, in a loud and boisterous voice he used disrespectful, abusive, and slanderous language about and of the judge of this Court in relation to his official conduct in the discharge of his duties on the bench conducting the business of the court; and have then there this writ, and show how you have executed the same. Witness T. W. Peyton, clerk of our said Circuit Court of Cabell county, at the court-house thereof, the 23d day of Aug., 1884, and the 25th year of the State. T. W. PEYTON, Clerk C. C. C. C.'

"Certain specifications of contempt were made by the court, and a copy of them was served on the defendant, and were as follows : 'First, that on a former day of this Court, when Thomas L. Michie, Esq., the law partner of Eustace Gibson, was requesting the Court to take up a case out of the order of the docket, the said Eustace Gibson, being present in the Court at the bar, sprung up, and addressed Mr. Michie in a loud and insulting manner to the Court the following language to wit, "You needn't do that. We can't get justice for our clients in this Court." And that on another subsequent

day of this term of this Court, whilst the said Eustace Gibson was making a speech before a jury at the bar of this Court, he commenced a tirade of abuse upon the grand jury and the Court for the manner in which they performed their respective duties; and that on yesterday., at the recess of the Court for dinner, while the judge of this Court was approaching the court-house to take his seat on the bench, in his hearing, near the front door of the court-house, in the court-house yard, in the presence of divers persons, and before the public, the said Eustace Gibson, in a loud, threatening and defiant manner, used of, concerning and about the judge of this Court a tirade of abusive epithets in the language and to the effect following, to wit: 'Money can buy the case.' 'Money can get any decision.' 'It takes money to get a ruling out of this Court.' And also other numerous, foul, vulgar, slanderous, insulting and defamatory words of, about and concerning the said judge; such as 'The son of a bitch!' 'A damned cowardly judgment.' And also before that time, on the said day of yesterday, at the court-house, during the present term of this Court, the said Eustace Gibson at the public dinner table of the hotel, in the bar-rooms and saloons of the town, in loud, vulgar, buncombe speeches before crowds of people, used other insulting, libelous language about the judge of this Court as a judge of this Court. And that before the sitting of this Court, at the present term thereof, in the city of Huntington, the said Eustace Gibson, on a trial of a cause before T. W. Taylor, a justice of this county, in the presence of a large crowd, in a speech before a jury, declared in words or substance, that the decisions of this Court by the judge thereof were not honest, and that there was no honesty in the opinions of the judge of this Court as rendered by him.'

"The defendant, Eustace Gibson, answered said rule and specifications of contempt, denying specifically each charge of contempt therein contained. Upon consideration of all of which the court deems the answer to the said charges of acts not in the presence of the court (they being founded on sworn statements of creditable witnesses in open court) but in the presence of the accused, insufficient; and the court deems the answer insufficient as to the acts of contempt

alleged as being in the presence of the court at its bar, as they are known to the court; and no other being offered or tendered, and the said Eustace Gibson being present in the court, it is therefore considered by the court that the said Eustace Gibson be fined fifty dollars, and that he be imprisoned in the jail of this county for ten days. It is therefore considered by the court that the State recover of the said Eustace Gibson the sum of fifty dollars, and the costs of this rule, and that a *capias pro fine* issue therefor, and that the sheriff of this county deliver the said Eustace Gibson to the keeper of the jail of this county, there to be confined for the term of ten days."

A bill of exceptions was signed by the judge and made a part of the record, which set out, that "the said defendant offered to prove to the court that his said answers and each of them were true, and that he did not at any time or place use the language, or any part of it, either in words or substance, charged against him in said rule and in said specification;" and that the court refused and rejected said evidence so offered, and refused to permit the said defendant to prove, that he did not use or utter said language either in words or in substance, as so charged against him; to which opinion and decision of the court the said defendant duly excepted. The defendant also excepted to the ruling and decision of the court, that his said answers and each of them were insufficient and constituted no defence in this cause; and also excepted to the judgment of the court rendered in this cause.

*Gibson & Michie* for plaintiff in error.

*Attorney-General Alfred Caldwell* for the State.

GREEN, JUDGE:

The appellant's counsel insist, that the Circuit Court of Cabell county had no authority to issue the rule it did on August 23, 1887, to show cause why he should not be fined for a contempt offered by him to said court "in this: that in the recess of that day for dinner, in the court-house yard, in public, he used disrespectful, abusive and slanderous language about and of the judge of said court in relation to his

official conduct in the discharge of his duties on the bench whilst conducting the business of the court." The objection to the issuing of this rule is, that it was not supported by proper affidavits. But neither the statute-law nor the common-law makes it absolutely necessary, that affidavits should be filed, on which to base such a rule. Such rule is usually properly based on affidavits, but I do not regard it as absolutely necessary in every case. See *Dandridge's Case,* 2 Va. Cas. 408 ; *State* v. *Frew,* 24 W. Va. 416.

The record in this case shows that Thomas H. Harvey, A. B. Palmer, I. F. Stewart, and N. S. Thornburg made sworn statements in open court, that Eustace Gibson, during the recess of the court that day for dinner, in the courthouse yard, in the presence of divers persons, and before the public, in loud and boisterous voice used disrespectful, abusive and slanderous language about the judge of the said court in relation to his official conduct in the discharge of his duties on the bench in conducting the business of said court. The real objection to these affidavits as the basis of such rule is, that they do not state the particular language used by the defendant and claimed to have been contempt of the court. But the record shows, that on the next day there was filed in court a paper, in which the words constituting this particular contempt complained of were set out, and an answer filed by the defendant, Gibson, in which he denied, that he in any way or manner used the language set out in the said paper as used by him.

The object in setting out in the rule the particular language used by the defendant is to afford him a proper opportunity to take issue on the truth of such allegations. This opportunity was given the defendant in this case, when the court set out in a written paper filed the next day the particular language constituting the contempt charged ; and the defendant availed himself of the opportunity by pleading "not guilty" to the charges. The bill of exceptions shows that on the trial of these issues the defendant offered to prove that each of the said denials in said answers were true, and that he did not use or utter such language, either in words or substance, as so charged against him ; and that the court refused to permit said proofs to be intro-

duced, "so far as the charge against the defendant consisted of contemptuous language used in the court in the presence of the judge." The court properly refused to permit the defendant to prove, that he had not used any such language, as he was charged to have used in court, for the language having been used in the presence of the court could be rendered no more certain by any proof that could be introduced. But the court erred when it refused to permit the defendant to prove that he had not used any such language as he was charged to have used out of the presence of the court. What this language out of the presence of the court was had been proven by witnesses on the part of the State. Their statements were open to denial by witnesses on behalf of the defendant. Now, the court fined the defendant $50.00, and imprisoned him ten days, for his contempt in using the language he did use about the court in his presence and also in his absence, as charged and proven. As the defendant was not permitted to prove what was the language he actually used during the recess of the court, we can not say how much the judgment would have been or ought to have been modified had such proof been received, as it should have been. We must therefore set aside, reverse and annul the judgment rendered against the defendant on August 24, 1887, and the case must be remanded to the Circuit Court of Cabell county, to be proceeded with in the manner and on the principles laid down in this opinion.

REVERSED—REMANDED.