# CHARLESTON.

## STATE *v.* HANSFORD.

Submitted June 9, 1897—Decided Nov. 13, 1897.

1. CONTEMPT—*Power to Punish—Summary Punishment.*
   The common-law power of all courts, except the Supreme
   Court of Appeals, to punish for contempt summarily,—that
   is, without indictment and jury,—is curtailed by section 27,
   chapter 147, Code 1891. Summary punishment, as at com-
   mon-law, can be imposed by such other courts only in cases
   therein allowed.   (p. 774.)

2. PARTIES—*New Trial—Petition—Strangers.*
   There is no right in citizens and taxpayers not parties to a
   suit to petition for a new trial or other action therein.   There
   is no right to petition a court "for redress of grievances" by

strangers to the case. That right is applicable only to political bodies. (p. 776.)

3. ATTORNEY AT LAW.
   An attorney at law is an officer of the court, under clause 3, s. 27, c. 147, Code 1891. (p. 774.)

4. CONTEMPT—*Petition—New Trial.*
   The mere drafting by an attorney of a petition, by persons not parties to a cause, asking in respectful language a new trial, is not a contempt. (p. 775.)

5. CONTEMPT—*Official Act.*
   To punish an officer of a court for misbehavior under clause 3, s. 27, c. 147, Code 1891, the act must be done in his official character. (p. 777.)

6. CONTEMPT—*Rule—Procedure for Contempt.*
   If a person be present in court when fined for contempt, a rule need not be served upon him, but he must be allowed to make defense, except for acts done in the open presence of the court. (p. 777.)

Error to Circuit Court, Tucker County.

L. Hansford was fined for contempt, and brings error.

*Reversed.*

L. HANSFORD, in pro. per.

EDGAR P. RUCKER, ATTORNEY GENERAL, for the State.

BRANNON, JUDGE:

L. Hansford was fined by the Circuit Court of Tucker County for a contempt, and comes to this Court for reversal of the judgment. No brief or view or single citation of authority aids us in the decision of the case. I have given a careful examination to it, and am of opinion that the judgment is erroneous. The common law gives to courts the power to punish for contempts summarily; but this wide power has been curtailed in this State by section 27, chapter 147, Code 1891, providing that courts and judges may punish for contempts summarily only in the cases there specified. I do not think that this case falls under any of the provisions of that statute, unless it be under its third clause: "Misbehavior of an officer of the court in his official character." Hansford was an attorney of that court. An attorney, though not a public officer of state, is an officer of the court. *Ex parte Faulk-*

*ner,* 1 W. Va. 269; *Ex parte Quarrier,* 2 W. Va. 569; *Ex parte Garland,* 4 Wall. 378; Weeks, Attys. c. 2. But though Hansford was an officer of the court, within the meaning of that Code provision, yet two questions present themselves to the mind. One is whether the act charged as a contempt is in law a contempt; and the second is, even if it be such, whether it can be said that it was done in his official character as an attorney; for, to be punishable, it must be such. The wrong imputed to Hansford is that a case was tried in said circuit court of the county court against Degler, in which a jury found a verdict against Degler; and with it there was some popular dissatisfaction, and certain citizens of Tucker County proposed a demonstration in his behalf, which Hansford, who was counsel for Degler, repressed. Then he was requested to draw a petition to the judge for a new trial. He objected to doing so, but was so importuned and charged with disloyalty to his client that he yielded, and drew the petition, and delivered it to Degler's father, and it found its way into the judge's hands. Hansford did not solicit signatures, nor did he present it to the court, and, after its drafting, heard of it for the first time in court. For his action in this matter he was fined. I have not been able to see in this, which is a punitive proceeding, where we ought to be clear, that the act is contempt. This petition is respectful in language, simply expressing the opinion of its signers that great injustice had been done Degler in the verdict of the jury, and asking a new trial. Did the preparation of such a petition constitute a punishable contempt? What is a contempt? Cooley's Bl. Comm. Bk. 4, p. 283, says that contempts "are either direct, which openly insult or resist powers of the court or the persons of the judges who preside there, or else are consequential, which (without such gross insolence or direct opposition) plainly tend to create an universal disregard of their authority." Thus contempts are of two kinds,—direct and constructive. A direct contempt is one offered in ·the presence of the court, while sitting judicially. A constructive contempt is one which tends to obstruct and embarrass a court, though the act be not done in its presence. *State* v. *Gibson,* 33 W. Va. 97 (10 S. E. 58); *State* v. *Frew,* 24 W. Va. 469; *People* v. *Wilson,* 64 Ill. 195. In

*Ex parte Robinson,* 19 Wall. 505, "contempt" is defined as an act in disrespect of the court or its process, or which obstructs the administration of justice, or tends to bring the court into disrepute. In *People* v. *Wilson, supra,* it is said that all acts which "impede, embarrass, or obstruct a court, or tend to produce such effects, whether done in or out of court, are to be considered as done in the presence of the court, and are contempts." I do not think that the act of drawing the petition can be made a contempt, under the above definition. It did not insult or revile the judge, or derogate from his respect or authority, or resist his processes or orders, or impede or embarrass the administration of justice. I have not found, in quite an exteded examination, any definition of contempt which would brand this act as such, unless it be the principle stated in *State* v. *Doty,* 90 Am. Dec. 671, that "power of judicature implies the right to exercise that function undisturbed by improper influences affecting it extraneously; and an act done within the presence of the court by a person neither a party to a suit nor an officer to the court may amount to contempt." Now, no one but a party has a right to file a petition for a new trial, or for any other action in a court. A stranger has no rights therein. He has no right to exert any outside influences upon the judge, because that judge must decide upon the facts and law uninfluenced, untrammeled, uncompelled by popular clamor or any extraneous influences. A petition by strangers may justly be said to be improper intermeddling, having no other purpose or result than to unduly influence the court in its action; and, with all respect to the worthy attorney involved in this case, I must declare such action reprehensible. It is important, as a matter of practice, to thus condemn it; but, then, it does not seem to amount to a punishable contempt. The judge had but to reject the petition. It could not impede or obstruct the administration of justice, though I can not say that it might not tend to divert its course. It verges very closely upon the borderland of punishable contempt, though I hardly think it crosses it. It must be remembered that, while the right to petition public authority for redress of grievances is a sacred right, yet it is inapplicable to courts when acting judicially in cases before them. It applies to congress or to the legislature and

to the governor; but it can not apply to courts, for the reason that courts must decide solely upon the facts and law of the case. Strangers to it have no grievances to redress. I therefore repeat that I do not regard the act as a criminal contempt.

But, again, if this act were a contempt in its nature, would it be one done by this officer in his official character? For I repeat that it must be an act done in "his official character" to be punishable under that statute summarily. An act may be a contempt subject to indictment; but, to be punishable summarily,—that is, without jury,—it must fall under that section of the Code. *Com.* v. *Deskins*, 4 Leigh, 685; *State* v. *Frew*, 24 W. Va. 416, 469. Now, if this act were a contempt, and if Hansford had presented the petition in court, it would be an act done in his official character as attorney; but the mere drafting of it out of court does not constitute it an official act. The test of an official act is, was it done *colore officii*,—by color of office? This act was not such. It will be said, if this be so, then an attorney, owing respect and duty to a court, may in his office draft the most contemptuous petition with impunity, knowing that it will be presented to the court. This is not so. He would be indictable just as anybody else would be, but it would not be an act by color of office. Hence, for want of that character, the act is not contempt. Though the statute punishes mere misbehavior, yet, I think, it must be such an act as constitutes contempt.

It is assigned for error that no rule issued against defendant. The record distinctly shows that defendant was in court when fined. In *State* v. *Frew*, 24 W. Va. 469, it is laid down that the usual course is to award a rule to show cause why an attachment should not issue, and its omission would be error; but when the defendant is present, as the opinions in that case, and *Dandridge's Case*, 2 Va. Cas. 408, and *State* v. *Miller*, 23 W. Va. 801, show, that dispenses with a rule. In addition, I see that section 29, chapter 147, dispenses with it if defendant is present. And, further, the record shows that the defendant was called into court to show cause why he should not be fined. So this informal rule is present in the record.

Defendant asked leave to file a written answer to the accusation made against him by witnesses giving information

to the court, but was refused. Still, he did orally present his defense against the rule, and it was considered. Of course, it would be error to refuse such answer if such oral defense had not been allowed, as the very object of a rule is to cite the defendant to make defense, and he has a right to make it except where the act of contempt is in open court, in its presence. *State* v. *Gibson*, 33 W. Va. 97, (10 S. E. 58). This was not an act in open court. I do not see that the refusal of a written answer under these circumstances would be error. No written answer offered is in the record to show that additional defense was tendered, nor does it appear that any exists. The defense made, that Hansford had suppressed a popular demonstration, and protested against drafting the petition, and did so only on repeated importunities, is no valid defense, as he showed himself that he recognized the act as wrong or imprudent. I think the attorney intended no willful contempt; but in *State* v. *Green*, 16 W. Va. 864, syl. pt. 3, it is held that, where a contempt is merely inadvertent or reckless, a fine may be imposed. But I do not regard the act a contempt, as stated above. Judgment reversed, and proceeding dismissed.

*Reversed.*