418 S.E.2d 592

**STATE of West Virginia, Plaintiff Below, Appellee,**

v.

**Jackie Lee SMARR, Defendant Below, Appellee.**

**No. 20053.**

Supreme Court of Appeals of West Virginia.

Submitted April 28, 1992.

Decided May 28, 1992.

Joanna I. Tabit, Deputy Atty. Gen., Charleston, for the state appellee.

Franklin D. Cleckley, Morgantown, for appellant, Paul M. Cowgill, Jr.

PER CURIAM:

This is an appeal by Paul M. Cowgill, Jr., an attorney who represented Jackie Lee Smarr in a felony case, from an order of the Circuit Court of Doddridge County, holding him, Paul M. Cowgill, Jr., in contempt of court for misrepresentations relating to his representation of Mr. Smarr. Specifically, the court fined Mr. Cowgill $500.00 for repeatedly misrepresenting to the court the status of Mr. Smarr's appeal. In the present proceeding, Mr. Cowgill contends that the trial court violated his right to due process of law in the contempt proceeding by acting in a summary manner and by refusing to allow him a jury trial. He also claims that the court erred in refusing to allow him the right to obtain the assistance of an attorney of his choice. After reviewing the record and the questions presented, this Court disagrees with the appellant's assertions. Accordingly, the judgment of the Circuit Court of Doddridge County is affirmed.

The appellant, Paul M. Cowgill, Jr., was appointed by the Circuit Court of Doddridge County to represent Jackie Lee Smarr in a felony proceeding. Mr. Smarr was convicted of the felony, and the appellant was responsible for prosecuting an appeal in his behalf.

On a number of occasions, the appellant represented to the circuit court which had tried Jackie Lee Smarr that an appeal was in the process of being completed or that it was pending before the Supreme Court of Appeals. In spite of these representations, on January 26, 1990, when the trial court directly confronted the appellant concerning the status of Mr. Smarr's case, the appellant advised the court that no appeal had been taken, but that he had attempted to obtain an executive pardon for Mr. Smarr.

After learning that no appeal had been taken in spite of the appellant's representations, the trial court issued a show cause order directed at the appellant whereby the appellant was required to show cause why he should not be held in contempt of court for his actions relating to the appeal of Jackie Lee Smarr.

On the day set for the hearing under the show cause order, the appellant appeared and filed a motion for a continuance. In that motion he alleged, among other things, that he wished to be represented by an attorney of his choice, but that his attorney of choice had a conflict but could appear before the court on the next motion day. After hearing the appellant's representations, the trial court summarily denied the motion for a continuance and proceeded with the contempt hearing. At that point, the appellant elected to stand silent and, based upon his silence, the trial court found him in contempt of court and fined him $500.00. It is from this judgment of contempt that the appellant now presents this appeal.

On appeal, the appellant claims that he had a right to a jury trial and that, under the circumstances, the trial court violated his right to due process when the court summarily found him in contempt of court. He also claims that the trial court committed reversible error by denying him assistance of counsel and that the overall proceedings denied him due process of law.

■ In West Virginia the common law power of all courts, except the Supreme Court of Appeals, to punish summarily for contempt is curtailed by *W.Va.Code,* 61–5–26. *See State ex rel. McNinch v. Porter,* 105 W.Va. 441, 143 S.E. 93 (1928); *State v. Hansford,* 43 W.Va. 773, 28 S.E. 791 (1897). Although the power to punish summarily is curtailed, it is not altogether abolished, and *W.Va.Code,* 61–5–26, still provides that:

The courts and the judges thereof may issue attachment for contempt and punish them summarily only in the following cases: (a) Misbehavior in the presence of the court, or so near thereto as to obstruct or interrupt the administration of

justice; (b) violence or threats of violence to a judge or officer of the court, or to a juror, witness, or party going to, attending or returning from the court, for or in respect of any act or proceeding had, or to be had, in such court; (c) misbehavior of an officer of the court, in his official character; (d) disobedience to or resistance of any officer of the court, juror, witness, or other person, to any lawful process, judgment, decree or order of the said court. No court shall, without a jury, for any such contempt as is mentioned in subdivision (a) of this section, impose a fine exceeding $50.00, or imprison more than ten days ... No court shall impose a fine for contempt, unless the defendant be present in court, or shall have been served with a rule of the court to show cause, on some certain day, and shall have failed to appear and show cause.

While this Court has been vigilant in requiring jury trials and due process of law in criminal contempt proceedings, it is also recognized that in the specific instances enumerated in *W.Va.Code,* 61–5–26, jury trials are not required and that a trial court may punish summarily. *See Hendershot v. Hendershot,* 164 W.Va. 190, 263 S.E.2d 90 (1980); *State v. Boyd,* 166 W.Va. 690, 276 S.E.2d 829 (1981). In the syllabus of *State v. Boyd, Id.,* the Court restated generally the principle established in syllabus point 2 of *State ex rel. Arnold v. Conley,* 151 W.Va. 584, 153 S.E.2d 681 (1966), that:

A circuit court has no power to proceed summarily to punish for contempt of such court except in the instances enumerated in Code, 1931, 61–5–26.

In examining *W.Va.Code,* 61–5–26, this Court specifically notes that it permits a circuit court to punish summarily for contempt "misbehavior of an officer of the court, in his official character". *See, W.Va.Code,* 61–5–26(c).

■ In discussing misbehavior of an officer of a court as constituting contempt, this Court has long recognized that an attorney-at-law practicing at the bar of the court is an "officer of the court" within the meaning of the statute. *See State ex rel.*

*Browning v. Jarrell,* 156 W.Va. 256, 192 S.E.2d 493 (1972); *State v. Hansford, supra; Ex parte Quarrier,* 2 W.Va. 569 (1866); *Ex parte Faulkner,* 1 W.Va. 269 (1866).

In *State v. Boyd, supra,* the Court examined at some length what constitutes misbehavior of an officer of the court in his official character under *W.Va.Code,* 61–5–26. In that case, the Court reviewed with approval principles set forth by the Supreme Court of the United States in *In re McConnell,* 370 U.S. 230, 82 S.Ct. 1288, 8 L.Ed.2d 434 (1962), and *Ex parte Hudgings,* 249 U.S. 378, 39 S.Ct. 337, 63 L.Ed. 656 (1919). In those cases, the Supreme Court of the United States essentially found that for conduct to be misbehavior, it must be something which would obstruct or interrupt the administration of justice and that it must be something done in the presence of the court.

■ In the present case, in addressing the issue of the potential contempt of the appellant, Mr. Cowgill, the trial court read into the record repeated instances of where the appellant, who was officially representing Jackie Lee Smarr in the felony case pending against Mr. Smarr, in response to direct and clear questions addressed to him by the court, misrepresented the status of Mr. Smarr's case and, in effect, indicated that he was prosecuting an appeal in that case when, in fact, he had not taken an appeal.

This Court believes that in this matter the appellant was an officer of the court, since he was an attorney-at-law practicing before the Bar of the court. It is apparent from reading the transcript relating to the questions posed to him that one of the concerns of the court in questioning him relating to the status of Mr. Smarr's case was a desire by the court to see that the lawful sentence of the court relating to Mr. Smarr be carried out and that justice be administered in accordance with the law. By misrepresenting the status of Mr. Smarr's appeal, the appellant effectively delayed the execution of that sentence.

In this Court's view, by intentionally making misrepresentations which delayed the execution of the lawful sentence imposed by the circuit court, the appellant effectively obstructed or interrupted the

administration of justice under the principles discussed in *State v. Boyd, supra.*

In analyzing the overall situation, the Court believes that the appellant, as an officer of the court, engaged in misbehavior before the court in his official character as an officer of the court. The Court concludes that his actions constituted misbehavior of an officer of the court, in his official character, as contemplated by *W.Va.Code,* 61–5–26(c), and that under the clear provisions of that statute the circuit court had legal authority to punish the appellant summarily for his conduct. Under the circumstances, the Court believes that the appellant's contentions relating to the denial of a jury trial, his right to assistance of counsel, and to the overall conduct of the proceedings are without merit.

The judgment of the Circuit Court of Doddridge County is, therefore, affirmed.

*Affirmed.*