# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**State of West Virginia,**
**Plaintiff Below, Respondent**

**vs.)  No. 19-0944** (Kanawha County 19-F-292)

**Charles W. McClanahan Jr.,**
**Defendant Below, Petitioner**

*In re* **Criminal Contempt of Court of Leah P. Macia**

**FILED**
**December 7, 2020**
EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Leah P. Macia, by counsel Timothy L. Mayo and Jeffrey A. Foster, appeals the order of the Circuit Court of Kanawha County, entered on September 17, 2019, finding Ms. Macia in contempt of court pursuant to West Virginia Code § 61-5-26 based on communications she made to the circuit court during her appearance on behalf of criminal defendant Charles W. McClanahan Jr. Respondent State of West Virginia appears by counsel Patrick Morrisey and Elizabeth Grant.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the order of the circuit court is appropriate under Rule 21 of the Rules of Appellate Procedure.

Ms. Macia, an attorney licensed since 1998 in the State of West Virginia, appeared before The Honorable Louis H. "Duke" Bloom in the Circuit Court of Kanawha County on July 31, 2019, as defense counsel at a sentencing hearing for Mr. McClanahan, her client, after he pled guilty to the felony offense of burglary. Ms. Macia asked the circuit court to impose probation to allow Mr. McClanahan to receive inpatient treatment at Prestera Treatment Center ("Prestera") to address his substance addition. When pressed by Judge Bloom on the question of whether "a guaranteed bed" was reserved for Mr. McClanahan, Ms. Macia responded, "Yes, it is, your Honor." Relying on Ms. Macia's representation, Judge Bloom suspended Mr. McClanahan's prison sentence and placed him on probation.

1

Within an hour of the conclusion of the sentencing hearing, the circuit court's probation officer learned that Mr. McClanahan did not have a secured placement with Prestera. The probation officer made inquiries and concluded that Prestera had received no referral from Ms. Macia. The day after placing Mr. McClanahan on probation, the circuit court revoked Mr. McClanahan's probation and reinstated the penitentiary sentence. It subsequently directed Ms. Macia to appear and show cause why she should not be held in criminal contempt.

Ms. Macia appeared for the circuit court's contempt hearing in mid-August of 2019.[1] The Kanawha County Prosecuting Attorney appeared and presented the testimony of several Prestera employees, establishing that Ms. Macia had not spoken to Prestera staff before assuring Judge Bloom that a "guaranteed bed" was secured for her client. Ms. Macia testified on her own behalf. She explained that her client first raised the issue of rehabilitation immediately prior to the sentencing hearing, and that she proceeded on the client's representation that his mother had arranged for treatment. However, Ms. Macia also maintained that she telephoned the "main number" for Prestera and was assured that Mr. McClanahan could enter the program, though this testimony was at odds with the testimony of the Prestera employees previously presented by the State. After the evidence was presented, the court found Ms. Macia in direct criminal contempt for representing at Mr. McClanahan's sentencing hearing that there was a "guaranteed bed" at Prestera for her client. The court found Ms. Macia's representations "reckless and irresponsible" and found that they threatened to obstruct justice. The court assessed a contempt fee of $50.00 and directed the circuit clerk to transmit the transcripts of the contempt hearing and other relevant hearings to the Lawyer Disciplinary Board.

On appeal, Ms. Macia asserts four assignments of error. She argues that: (1) the circuit court's finding that Ms. Macia's perceived misrepresentations "threatened" to obstruct justice is insufficient to support the contempt finding; (2) there was insufficient evidence that Ms. Macia intentionally misled the circuit court; (3) the circuit court erred in excluding Ms. Macia's personal notes made prior to or around the time of Mr. McClanahan's sentencing hearing; and (4) the circuit court erred in excluding a letter dated on July 31, 2019, the same date as Mr. McClanahan's sentencing hearing, that evidenced Mr. McClanahan's subsequent acceptance into a different treatment center.

We begin with the first assignment of error, wherein Ms. Macia argues that the circuit court's finding that Ms. Macia's conduct "threatened" to obstruct justice failed to place the conduct within the statutory definition of contempt, which is:

(a) Misbehavior in the presence of the court, or so near thereto as to obstruct or interrupt the administration of justice; (b) violence or threats of violence to a judge or officer of the court, or to a juror, witness, or party going to, attending or returning from the court, for or in respect of any act or proceeding had, or to be had, in such court; (c) misbehavior of an officer of the court, in his official character; (d)

---

[1] Ms. Macia consented to a hearing conducted by Judge Bloom and did not request a trial by jury. She does not argue on appeal that the circuit court was required to afford her a jury trial prior to issuing sanctions.

disobedience to or resistance of any officer of the court, juror, witness, or other person, to any lawful process, judgment, decree or order of the said court.

W. Va. Code § 61-5-26, in part. Ms. Macia argues that the circuit court's finding that her "misrepresentations threatened to 'obstruct or interrupt the administration of justice,'" falls short of the finding required under the statute that her "misbehavior . . . obstruct[ed] or interrupt[ed] the administration of justice" within the meaning of subsection (a). We need not parse this language. Ms. Macia, an attorney, is an officer of the court. *See State v. Smarr*, 187 W. Va. 278, 279-80, 418 S.E.2d 592, 593-94 (1992). When an officer of the court is "disrespectful to the degree that it constitutes an imminent threat to the administration of justice . . . summary punishment for contempt will be authorized." Syl. Pt. 2, in part, *State v. Boyd*, 166 W. Va. 690, 276 S.E.2d 829 (1981). Ms. Macia's baseless assurance that treatment was available to Mr. McClanahan was made at the sentencing hearing to obtain a favorable outcome. Without Ms. Macia's confident assurance the circuit court would not have ordered the immediate suspension of Mr. McClanahan's penitentiary sentence. These facts evince an imminent threat of interruption to the administration of justice.

In her second assignment of error, Ms. Macia argues that there was insufficient evidence to support a finding that she intentionally misled the court. We disagree. The circuit court twice asked Ms. Macia to affirm that Mr. McClanahan's placement was settled, and she affirmed, without explanation, that it was. She did not inform the court that she relied on the information of other persons in giving her assurance, but instead allowed the court to believe that there was no room for error in her representation. She could have, in candor, informed the court that the arrangements had been made by parties outside of her control, but she did not and the failure initially inured to her client's benefit. As the circuit court explained, "she wholly failed to ensure the accuracy of this information to even a minimal degree before conveying the same to the [c]ourt[, but] conveyed [the information] to the [c]ourt without any regard for the veracity of her statements."

The third and fourth assignments of error concern the circuit court's exclusion of evidence. The court refused to receive, first, Ms. Macia's handwritten notes which she asserts that she made when meeting with Mr. McClanahan on the morning of his sentencing hearing and, second, a letter showing that a placement was secured at an alternative treatment center immediately after it became apparent that no placement was available at Prestera. These evidentiary rulings are reviewed for an abuse of discretion. *See McDougal v. McCammon*, 193 W. Va. 229, 455 S.E.2d 788 (1995). We find no abuse of discretion inasmuch as the subject evidence is irrelevant to the issue on appeal. Ms. Macia explained to the circuit court that she relied on information from Mr. McClanahan and/or his mother when she assured the court that a placement had been secured for her client. Her notes about her conversations with those individuals have no bearing on the fact that the circuit court directly asked her for confirmation that her client would immediately enter treatment, and she gave assurance that she did not herself have. Likewise, the fact that Ms. Macia may have played a part in securing a placement after Mr. McClanahan's sentencing hearing has no bearing on the facts that no placement was secured when she represented, at the sentencing hearing, that one was.

For the foregoing reasons, we affirm.

3

Affirmed.

**ISSUED:**  December 7, 2020

**CONCURRED IN BY:**

Chief Justice Tim Armstead
Justice Elizabeth D. Walker
Justice John A. Hutchison


**DISSENTING:**

Justice Margaret L. Workman
Justice Evan H. Jenkins

4