20          COURT OF APPEALS OF WEST VIRGINIA.

July Term,                O'Brien et al. vs. Camden.                1868.

# Wheeling.

## MATTHEW O'BRIEN et al. vs. JOHNSON N. CAMDEN.

### July Term, 1868.

C. was summoned to answer a suggestion on the first day of a term. On the fifth day of the term the plaintiffs moved the court for a rule to compel C. to appear and answer; which the court refused upon the ground that the suggestion had not been docketed or the service of the summons proved, nor had it been in any way brought to the attention of the court, on the day to which it was returnable, and the case was discontinued. HELD:

    1. That it was the duty of the clerk to put the case on the docket, and his failure to do so should not prejudice either party.

    2. That a party summoned to answer a suggestion is advised of what he is to answer, and when and where; and upon his failure to do so, the suggestor is entitled to his rule to compel an answer. Code 1860, chap. 188, sec. 13.

This case was brought up from Lewis county. The summons served upon Johnson N. Camden, the defendant, was returnable to the 1st day of March term, 1867, of the circuit court of that county. The following is the order from which appeal was made:

"O'Brien, Grafflin and Hanson ⎫
           vs.        ⎬ Upon a Suggestion.
Johnson N. Camden.   ⎭

This day came the plaintiffs, by their attorney, and the court having maturely considered the motion made on the 5th day of the March term last, of this court, to grant them a rule against Johnson N. Camden, to compel him to appear and answer the plaintiffs' suggestion, filed in the clerk's office of the circuit court of Lewis county, December 17th, 1866, which was made returnable to the 1st day of March

* See page 1.

term last of this court, and the court having set upon the 1st day of March last, being the 1st day of the term, and the defendant, Johnson N. Camden, not being called, nor the service of the summons being proved, nor the suggestion docketed, nor the summons or suggestion in any way brought to the attention of the court on that day, the court is of opinion that the said summons was discontinued, and that the plaintiffs were not entitled to any rule against said defendant, Camden, on the 5th day of March term last, and doth overrule said motion."

*C. Boggess* for plaintiffs in error.

BROWN, President.   The defendant Camden was summoned to appear on the 1st day of the circuit court of Lewis county and answer a suggestion under section 11, chapter 188, Code 1860.

The plaintiff making the suggestion moved for a rule under section 13 of same chapter, upon the defendant Camden, to compel him to appear and answer, but the court overruled the motion and refused the rule upon the ground that the suggestion had not been docketed, nor had the summons on the suggestion been brought to the attention of the court on the day to which it was returnable, by reason whereof the same, in the opinion of the said circuit court, became discontinued.

It was the duty of the clerk to put the case on the docket, (Code 1860, chap. 177,) and his failure to discharge his duty should not prejudice either party.   Neither ground assigned by the circuit court could work a discontinuance of the case.

The party summoned to answer a suggestion, like a defendant summoned to answer a bill, is advised by the suggestion what he is to answer, and when and where; and upon his failure to do so the suggestor is entitled to his rule to compel an answer.

The garnishee having been regularly summoned to answer the suggestion, and the summons having been served upon him more than twenty days and he failing to answer,

the party requiring his answer was entitled to a rule, under the 13th section of chapter 188 of the Code of 1860, to compel an answer.

I think, therefore, that the judgment refusing the rule should be reversed, with costs to the plaintiff in error, and the cause remanded to the circuit court of Lewis for further proceedings to be had therein, in conformity with the principles above indicated.

Judge Maxwell concurred.

JUDGMENT REVERSED.