# CHARLESTON.

TOWER v. WHIP.

Submitted September 8, 1902. Decided April 11, 1903.

1. NOTE SIGNATURES—*Expert.*

    In an action upon a promissory note when the defendant denies its execution, an expert as to handwriting may compare the signature to the note with the defendant's signature to pleas signed and sworn to by him and filed by him, and express his opinion whether the same person made the signature to the notes and pleas. (p. 161).

2. PLEAS—*Error—Evidence.*

    The allowance of bad pleas is harmless error, if no evidence is given under them. (p. 162).

3. NOTE—*Fraud—Deception.*

    A plea that a negotiable note signed by a party was procured by deception and fraud in representing it to be a paper of different character is not good against a holder for value acquired in due course of business before maturity, unless the plea aver notice to the holder of such fraud and deception before he acquired the note. (p. 163).

4. INSTRUCTIONS.

    Inconsistant or irrelevant instructions should not be given. (p. 163).

5. SPECIAL JUDGE.

    A judgment rendered by a special judge elected as provided by law, is neither void nor reversible merely because he did

not take the oath in Article 4, Section 5, of the Constitution. He is, at least, a judge *de facto*.   (p. 163).

Error from Circuit Court, Mineral County.

Action by M. C. Totten against Sandford Whip.   Judgment for plaintiff, and defendant brings error.   On death of both parties, personal representatives were substituted, to-wit, E. E. Tower as plaintiff, and E. J. Whip as defendant.

*Reversed.*

TAYLOR MORRISON and C. N. FINNELL, for plaintiff in error.

F. M. REYNOLDS, for defendant in error.

BRANNON, JUDGE:

This was an action of debt tried before a special judge, on a negotiable note in the circuit court of Mineral county, brought by M. C. Totten against Sandford Whip, resulting in a verdict and judgment for the defendant, from which he has sued out a writ of error.

The defendant pleaded *nil debet* and filed a plea No. 3 saying that "he did not make or sign the notes sued on," which were verified by affidavit.   The defendant also filed two special pleas, Nos. 2 and 4, to the effect that a person unknown to Whip, pretending to be a dealer in land and a purchaser of farms, came to Whip's house and falsely represented that he wished to buy Whip's farm, and with intent to defraud so ingratiated himself into the confidence of Whip that he agreed to sell his farm, and to close the bargain in two weeks; that said unknown person suggested that in case he should not be able to meet Whip within that time, it would be necessary that he should have Whip's postoffice address, and requested him to make a memorandum of it, and presented to Whip what he supposed to be a common note or memorandum book, and on the faith that what he was about to write was only such postoffice address, and without intention to make any such note as that sued upon, he, Whip, did sign a paper of the character represented, a mere memorandum of his postoffice address, and not as a note; and that said unknown person fraudulently covered up the note and concealed its contents so that he, Whip, did not and could not know that he was signing a note, and

that thus his signature to the note, if it was his signature, was obtained and therefore he did not knowingly make the note, and that he was tricked into making it, and that the note was without consideration. The defendant filed plea No. 4 to the same effect, averring the note under the facts of fraud and false pretense to be a forgery, and that the plaintiff was not a purchaser of the note for value before maturity.

Objection is made to plea 3 on the ground that it does not deny the fact that the signature to the note is the signature of Whip. This point is not tenable. The plea says that Whip did not "make or sign" the note. If he did not make or sign, it is not his note; for then he neither made it himself nor authorized another. Section 40, ch. 125, code, only requires that where a pleading alleges that a person "made" a writing, the affidavit shall deny the making. The affidavit is as broad and definite as the statute demands. This plea was not necessary, but is good in itself and operates also as an affidavit to accompany the plea of *nil debet,* which, at common law, puts the execution of the note in issue, and the effect of that plea remains such yet, with the qualification that said affidavit must be filed with plea.

The vital question in this case is, did Whip make the note? He denied doing so by pleas 1 and 3. On trial the plaintiff offered a witness as an expert, and proposed that he inspect Whip's signature to the affidavits of the four pleas filed by him, and the signature of Whip to the note in suit, and say whether the same person made them, and proposed to prove by him that in his opinion the same person made all the signatures; but the evidence was rejected. In West Virginia it is settled law that the genuineness of an instrument cannot be proven or disproven by comparison with other writings; as a general rule comparison of handwritings is not allowed. *State v. Koontz,* 31 W. Va. 127. I never could see the soundness of this rule; but it was well settled common law in England until statute wiped it away, and generally, but not everywhere, prevailed in the United States. It came to this State from Virginia. We have always regarded this the Virginia rule; but if so, *Hanriot* v. *Sherwood,* 82 Va. 1, has overruled it. But concede such to be the law in West Virginia, yet, as the Supreme Court said in *Moore* v. *United States,* 91 U. S. 270, "the gen-

eral rule of the common law disallowing a comparison of handwriting as proof of signature has exceptions equally as well settled as the rule itself. One of these exceptions is, that if a paper admitted to be in the handwriting of the party, or to have been subscribed by him, is in evidence for some other purpose in the cause, the signature or paper in question may be compared with it by the jury." The disputed paper "May be compared with other writings by such person proved or admitted to be genuine and already properly before the court for other purposes, either as evidence in the case or as part of the record." 15 Am. & Eng. Ency. L. 266. The defence on the trial stated that it was not admitted that the signatures to the pleas were in Whip's handwriting; but it was not denied. And is it not presumptive, in the case of a natural person, that a signature to a plea filed in court by him is his own, especially as it is certified to have been subscribed by him before the clerk? And he proffered it as his, and it would be *prima facie* his, until shown not to be his. It would be different with a paper not in the case. Here it was part of the record. Could it be questioned that the jury might compare the note with the pleas? I think not. But our question is, can an expert make a comparison of those papers and give his opinion? Yes, he can, because, if you once settle that a jury can do so, it is a subject of expert evidence. If the papers are such as to allow a comparison, expert evidence may be applied to them. *Vinton* v. *Peck,* 14 Mich. 287, is authority not only to allow comparison with other papers already in the case, but also to show that experts may be called to make the comparison, and that it is better that the jury have the aid of experts, as few of us are competent to do so with success. 1 Greel. Ev, sec. 578 thus states the law: "Where other writings admitted to be genuine are already in the case; here the comparison may be made by the jury with or without the aid of experts." In *Hardwick* v. *Sherwood,* 82 Va. 1, expert evidence to make such comparison is held proper. In *Springer* v. *Hall,* 83 Mo. 693, it is held that such expert evidence may be used to compare. This case is cited by the defence to show that comparison cannot be made with paper made after suit, but there the defendant proposed to use his signature to his own pleadings to prove that he did not make the note. Any amount of law can

be cited to show that experts may compare writings and give their opinions. Rogers, Expert Test. sec. 133; *State* v. *Thompson,* 6 Am. St.. R. 172. Much case law is cited to show that *expert testimony* is weak and unreliable. This may, or may not, be so. Courts differ as to this. Many regard it valuable, as it surely is in certain cases. We pass no opinion, as its weight is for the jury. Being admissable, we are not able to say that it would not have had weight, and if such evidence might have been beneficial to the plaintiff, its rejection is error, as he was entitled to place before the jury all admissible evidence. *Kerr* v. *Lunsford,* 31 W. Va. p. 675. Counsel for defence argues that Carskaddon was not shown to be an expert on handwriting. He was cashier of a bank, had been for twelve years, and as such it was his business to examine signatures to checks to test their genuineness, and was acquainted with Whip's handwriting and had frequently paid his checks. We think this entitled him to rank as an expert. Moreover, no objection was made on the specific ground of his incompetency. The witness, through modesty, did not claim to be an expert, but that is not necessary, if he states facts showing him entitled to express an opinion. Rogers, Expert Test. sec 17; 15 Am. & Eng. Ency. L. 278.

It is assigned as error that pleas 2 and 4 were admitted. No evidence was given in support of them, and no ground of reversal exists on that score, though the pleas are bad. *Amos* v. *Stockert,* 47 W. Va. 109. But as the case goes back to the circuit court it is proper to pass on these pleas. If in fact Whip signed the note, he cannot get rid of it on the plea of fraud, misrepresentation, false pretense in its procurement or want of consideration against the plaintiff, if a *bone fide* holder for value without notice of such fraud, etc. For this *Bank* v. *Johns,* 22 W. Va. 520, is full authority. The pleas are also defective in not charging such notice to Totten before his purchase. *Roberts* v. *Tavenner,* 48 W. Va. 632. Plea 4 is bad for same reason, and also for putting in the duplicate defence that Totten was not a holder for value. That could be pleaded separately.

Two instructions were given on defendant's motion of which the plaintiff complains. One is that before a verdict for the plaintiff could be found, it must be proven "that the defendant's intestate, S. J. Whip, signed the note sued on as his

note." It is said this instruction is confused and misleading. The note was signed "Sandford Whip." Evidence was given that Whip generally signed "S. J. Whip," or "Sandford J. Whip." It is clear that for a recovery Whip must have signed his name to the note; that is, that it must not be a forgery; but if he did sign his signature of christian and surname, leaving out the J, it binds him. A middle name is no part of a man's name. Counsel of plaintiff says that it was intended to tell the jury that the signature to the note was not good, because not signed "S. J. Whip." If so, it would be clearly bad, the instruction would be. But I do not so construe it. The note as signed is binding on Whip, if not a forgery. The words "as his note" give some trouble. What do they mean? If evidence has been given under the special pleas to show that Whip had been by fraud and trick induced to sign a paper different from what he designed, I would say those words would make the instruction bad as telling the jury that it would be no note, that he must have signed with purpose to make a note, which is not so as to a *bona fide* holder for value, which the law presumes Totten to be. Those words perform no office, and must be omitted, if the instruction should be again asked. Another instruction is that the jury should find for the defendant, unless "M. C. Totten had possession of the note in his lifetime." That is true; but what evidence was there to raise that question? Totten in his life brought the suit and then had the note, and as the court instructed the jury on plaintiff's request, "the production in evidence of the note sued on is sufficient evidence that M. C. Totten had possession of the note in his lifetime." There is no evidence to justify said instruction No. 5 of plaintiff, because it raised an issue not pertinent to the case, and was in conflict with that given for plaintiff. We can only justify it by saying it availed not in view of the other instruction; but what did the jury think about it? Did it think the plaintiff must expressly prove that Totten had the note in his lifetime? We cannot say?

Counsel for plaintiff asks us to hold that as the special judge took only the oath specified in section 11, chapter 112, Code 1899, and did not take the oath found in sec. 5, art. 4 of the Constitution, the judgment is therefore bad and bases this assignment on *State* v. *Bennett,* 47 W. Va. 731, holding that a special judge must take the constitutional oath. I dissented

from that feature in that case, and I still think such special judge need not take that oath, as the legislature thought, because it required another oath; but the Court does not now pass on that question, not deeming it important to do so. The Court is unanimous, however that question may be, that the act of the special judge is nevertheless valid as the act of a *de facto* judge. We think so on general common law principles. See Judge Dent's opinion in *State* v. *Cross,* 44 W. Va. 328; dissent in *Dial* v. *Hollensworth,* 39 *Id.* 6; *Walcott* v. *Wells,* 37 Am. St. R. 478.

It is generally held that an oath though required by law, is not indispensable, but is a mere incident and does not confer the office, and is not the office itself, though the person be punishable for acting without taking it. Mechem Pub. Off. secs. 255, 262; Thropp Pub. Off. sec. 629. It is there said that the officer regularly elected, not taking the oath, ranks above a *de facto* officer, and is one *de jure* by defeasable title—a lawful officer until turned out. Therefore, the Court now disapproves of the expression of opinion in *State* v. *Burnett* that the acts of a special judge are *coram non judice* for want of oath. A judgment would be neither void nor voidable for that cause. *State* v. *Carter,* 49 W. Va. 709 is utterly inconsistent with that feature of the *Burnett case* in holding that a judgment by one acting by authority or color of office is valid though not lawfully elected or appointed or disqualified to hold the office. In that case sec. 15, chapter 7 of the Code was cited providing that all judgments given and acts done by any person by authority or color of office before his removal therefrom   *   *   *   shall be valid though it afterwards be decided or adjudged that he was not lawfully elected or appointed or was disqualified, or that the same had been forfeited or vacated." *Franklin* v. *Vandervort,* 50 W. Va. 412, is to same effect. So this is no cause for reversal.

For reasons given above the judgment is reversed, the verdict set aside, a new trial is granted, special pleas 2 and 4 are stricken from the record, and the cause remanded for further proceedings.

*Reversed.*