# CHARLESTON.

SOUTH BRANCH VALLEY BANK OF MOOREFIELD v. E. BLAIR PANCAKE et als.

(No. 6542)

Submitted September 16, 1930. Decided September 23, 1930.

*Wm. MacDonald*, for First National Bank of Romney; *Mc-Cauley, Zimmerman & McCauley* and *Martin & Seibert*, for South Branch Valley National Bank of Moorefield, appellees. *Kilmer & Byrer*, for appellant.

LITZ, JUDGE:

This is an attachment proceeding in equity (based upon the non-residence of the defendant, E. Blair Pancake), brought to recover the sum of $7,257.11, as the balance of two promissory notes for $6,000.00 each, dated November 26, 1926, executed by said Pancake, as maker, payable to the order of E. A. Leatherman on or before April 1, 1927, and of which the plaintiff claims to be the holder in due course.

E. Blair Pancake, the sole defendant appealing, filed his separate answer October 22, 1927, admitting the execution of the notes, and his payment thereon of $5,000.00 to the plaintiff; but denying that he was in any way indebted to the plaintiff. The answer further charged, in substance, that the notes

were given upon a settlement between the maker and E. A. Leatherman in part payment of the purchase price of all of certain varieties of apples grown by Leatherman in Hampshire County in 1926, except "hailpecked and sunburnt fruit", for which he agreed to pay Leatherman one dollar per bushel upon delivery; that the contract of purchase required the apples "to be fully matured so as to contain as much color as possible"; that during the period of delivery and at the time of the execution of the notes, he protested to Leatherman "on account of the inferiority of the apples both in size and color"; but that Leatherman in response to such protests contended that the inferiority complained of was due entirely to nature and not to any fault of his; that he later learned Leatherman had "failed to properly thin the crop so as to insure normal size apples", and "applied the nitrate of soda to his orchard at such time as to prevent their maturing properly, and thereby destroyed their commercial value"; and that on account of the alleged deception, whereby he was induced to accept inferior apples under the contract, Leatherman is indebted to him for payments already made on the purchase price thereof largely in excess of their actual value. The answer contains also the following: "This defendant knows nothing of the endorsement of these notes by the said E. A. Leatherman to various other Leathermans, as set forth in Plaintiff's Bill, and finally endorsed to The South Branch Valley National Bank of Moorefield, West Virginia, as set forth in Plaintiff's Bill, *but denies that the same were given for value received*, as alleged in Plaintiff's Bill, *as will more fully and at large appear by his answer hereinafter set forth.*" There is no other averment affecting the title of plaintiff except that it took the notes "well knowing the equities existing between the parties in interest, and that said (plaintiff) bank is not an innocent holder in due course and is in no better position to collect said notes than E. A. Leatherman would be if he were the holder thereof." An order of attachment having been issued, and served upon the defendant, First National Bank of Romney, as garnishee having in its possession property belonging to the defendant, E. Blair Pancake, it filed an

answer in open court January 13, 1928, denying that it had in its possession or control at the time of service of the attachment or thereafter before the return day thereof any goods, effects or credits of said Pancake. An order was entered March 10, 1928, by Robert White, as special judge, sustaining exceptions of the plaintiff to the legal sufficiency of the answer of the defendant, E. Blair Pancake. Thereafter another order was entered reciting general replication by the plaintiff to the answer of the several other defendants. The officers of the garnishee bank having been examined in open court by counsel for the plaintiff, an amended bill was thereafter filed, charging substantially that the defendant had fraudulently maintained an account with the garnishee bank in the name of "J. Sloan Kuykendall, attorney", after service of the order of attachment upon it, and praying that the said garnishee be required to pay the plaintiff such amount or amounts of the indebtedness due it by defendant, E. Blair Pancake, as may be found to have been in its hands, belonging to said Pancake, at the time of service of the order of attachment and thereafter before the return thereof. By order of February 5, 1929, the garnishee bank filed its answer to the amended and supplemental bill; and at a subsequent date the defendant, E. Blair Pancake, also filed his answer thereto. The plaintiff did not reply to either answer of said Pancake. The decree complained of, dated March 16, 1929, sets aside the order of special judge, White, (thereby reinstating said Pancake's original answer); decrees judgment for $7,847.41 in favor of the plaintiff against the defendant, E. Blair Pancake, that the real estate attached as belonging to said defendant is liable therefor; and that the garnishee bank pay to the plaintiff, as a credit on said judgment, the sum of $243.33; and refers the cause to a commissioner in chancery to ascertain the order of the liens against said real estate.

The ground of error is that, no replication having been filed to either of the answers of E. Blair Pancake, the same are taken as true. The plaintiff, in response, offers as one reason for supporting the decree, that the answers are insufficient in law, and, therefore, set up no legal defense to the plaintiff's

claim. It will be observed that the original answer of the defendant, E. Blair Pancake, fails to charge specifically that the plaintiff bank, at the time of acquiring the notes, had any knowledge of the alleged misrepresentation of E. A. Leatherman, but merely alleges that the bank knew of "the equities existing between the parties". This is an insufficient allegation for the purpose of charging the bank with notice of the alleged fraud on the part of Leatherman. "A plea that a negotiable note signed by a party was procured by deception and fraud in representing it to be a paper of different character is not good against a holder for value acquired in due course of business before maturity, unless the plea aver notice to the holder of such fraud and deception before he acquired the note." *Tower* v. *Whip*, 53 W. Va. 158.

The attempted averment in the answer that the plaintiff had not paid value for the note is, because of its conditional nature, also insufficient.

The decree of the circuit court is therefore affirmed.

*Affirmed.*