EDWARD FENIAS AND NEWARK CITIZENS UNION, PROSE-CUTORS, v. HARRY S. REICHENSTEIN, CITY CLERK, ETC., RESPONDENT.

Submitted January 16, 1940—Decided February 5, 1940.

Before Brogan, Chief Justice, and Justices Donges and Porter.

For the prosecutors, *Israel B. Greene, Morris M. Schnitzer, Daniel G. Kasen, Benjamin Coe* and *Harry E. Stern.*

For the respondent, *James F. X. O'Brien* and *Simon Englander.*

The opinion of the court was delivered by

Donges, J. On September 21st, 1939, there was filed with respondent, as city clerk of the city of Newark, a verified petition seeking an election to permit the voters of Newark to vote upon the question whether or not they wish to adopt the city manager form of government. This writ of *certiorari,* allowed October 14th, 1939, seeks to set aside the "decision or determination" of the city clerk, "refusing to call an election of the legal voters of the City of Newark, in the County of Essex and State of New Jersey to vote upon the adoption or rejection of the 'The Municipal Manager Form of Government Law' (*R. S.* 1937, *Title* 40, *p.* 354, &c., approved December 20th, 1937), the amendments thereof and supplements thereto, as and for the government of said City of Newark, as you were requested to do by petitions filed with you by the

prosecutors on September 21st, 1939, containing 25,170 signatures of legal voters of the City of Newark, as alleged."

In the situation presented by the admitted filing of the petition and the failure of the clerk to act thereon after twenty-three days, the conduct of the clerk is tantamount to a refusal to call the election within the time provided by statute. *R. S.* 40:79-1 *et seq. Coyte et al.,* v. *King et al.,* 11 *N. J. Mis. R.* 777.

It is not disputed that 25,154 signatures are upon the petition. Nor is it disputed that the number of persons voting at the last preceding election for members of the general assembly was 113,847, and that fifteen per cent. of that number, as required by the statute (*R. S.* 40:80-1) was 17,076. On the taking of testimony it was made to appear that doubts were raised as to the eligibility of 2,748 signatures for various reasons and of 586 as duplications. Deducting these from the petitions, as filed, leaves the total of 21,820 signatures on the petitions, or more than the fifteen per cent. required by statute.

The primary question to be determined is as to the force and effect to be given to the petition. The prosecutors insist that the petition when filed requires the calling of the election and that the burden is upon the clerk to show inadequacy of the petition. The respondent urges that the burden is upon the petitioners to establish the sufficiency of the petition and that they have failed to carry that burden in this case.

The statute (*R. S.* 40:80-2) provides: "Upon the filing of such petition or request in writing with the municipal clerk, he shall forthwith call an election, * * *." In *Balm* v. *Cape May,* 3 *N. J. Mis. R.* 58; *affirmed,* 101 *N. J. L.* 400, Chancellor Campbell, then a Supreme Court justice, held that the duty was upon the clerk to act in accordance with the statute and call the election, unless it appeared that the petition was insufficient. It was said: "The statute nowhere, that I can discover, gives the municipal clerk any discretion. When placed in his hands the petition is filed under the statute, and that irrespective of what time subsequent thereto he actually enters thereon the date of filing, or whether he makes such entry or endorsement."

It was further held: "Now in the instant case, as I have already stated, the statute makes no provision for an examination of the petition by the municipal clerk. * * * The city clerk was clothed with jurisdiction, and, in fact, was impressed with the duty of calling the election immediately; * * *." To the same effect is *Coyte* v. *King, supra.* The statute governing the filing of petitions and calling elections under the Municipal Council and Municipal Manager form of government act (*R. S.* 40:79-1) differs from that relating to Commission Government (*R. S.* 40:75-1 *et seq.*) in that the latter act imposes upon the municipal clerk the duty of examining the petition. If he be in doubt as to the genuineness of any signature, he may compare the signatures with the signatures in the registry books used at the last preceding election. If he concludes that the petition does not conform to the requirements of the statute, he shall return it to the agent who filed it for correction. A strict interpretation of the statute involved herein might lead to the conclusion, as held in *Balm* v. *Cape May, supra,* that the clerk is without discretion and that upon the filing of a petition with the required number of signatures, the election must be called. However, it is not necessary to so construe it. The legislature directed that the election should be called for the fourth Tuesday after the filing of the petition and the clerk clearly was under a duty to make some decision within that time; otherwise the petition is to be deemed to be sufficient. As above stated, a failure, as in this case, to take any action within the time limited is tantamount to a refusal to call the election.

The prosecutors, however, introduced evidence of a number of persons who solicited signatures to the effect that the signers were voters and that the signatures were put thereon by the named persons. There was also testimony of the Commissioner of Registration that he had the petitions checked by his assistants and, with the exceptions noted above, the signatures appeared to be the signatures of persons qualified to vote in the number of 22,406, and that 20,365 of them voted at the 1938 election for members of the general assembly. It further appeared that from the 20,365 so voting,

there should be a deduction of 487 because of duplication of signatures, leaving a net of 19,878 apparently genuine signatures of persons who voted in the 1938 general election for members of the general assembly. As above stated, the net figure of 19,878 exceeded the figure required by statute, namely, fifteen per cent. of 113,847 or 17,076.

Objection is made to the testimony of the Commissioner of Registration and his assistants who testified to their opinion as to the genuineness of signatures on the ground that they were not competent to so testify because they did not qualify as handwriting experts. The proof was that these assistants compared thousands of signatures each year and that they were experienced in comparing voters' signatures.

It is settled in this state that a person may be qualified to testify as an expert either by study without practice or by practice without study. *Wheeler & Wilson Co.* v. *Winkler,* 60 *N. J. L.* 102; *State* v. *Arthur,* 70 *Id.* 425. This rule was adopted by the Court of Errors and Appeals in *Crosby* v. *Wells,* 73 *Id.* 790, 798. Nor does the fact that the witness does not claim to be an expert in handwriting disqualify him to testify as to the genuineness of a signature if his competence otherwise appears. *Tower* v. *Whip,* 53 *W. Va.* 156; 44 *S. E. Rep.* 179; 63 *L. R. A.* 941.

The Commissioner of Registration and his assistants qualified as experts in comparing signatures and their testimony is, therefore, competent.

We conclude, therefore, that upon either theory—that the petition is *prima facie* sufficient or that it has been shown by testimony to contain a sufficient number of signatures of duly qualified voters—the petition is in compliance with the requirements of the statute.

Respondent moves to strike the testimony of Herrmann and his seventeen assistants because they do not qualify as experts and because they did not produce the original records from the office of the Registration Commissioner. We conclude that the witnesses were competent to testify to a comparison of signatures and their opinion thereon. The weight to be given to their testimony is for the court. If their conclusions were challenged by respondent, he could have the

records subpœnæd and cross-examine thereon. The motion is denied.

Respondent moves to strike the depositions because of the alleged limitation of the right of cross-examination, under the rule for taking the depositions. Under the rule, the commissioner was, in effect, directed to limit the inquiry to two questions, namely, whether the signatures were genuine, and whether such signers voted at the 1938 election for members of the general assembly.

In view of the decision of our Court of Errors and Appeals, in *Balm* v. *Cape May, supra,* we conclude that these are the only questions involved and that the refusal to permit respondent to cross-examine or to introduce testimony as to the motives of voters in signing or that such signers were misled or disceived as to the purpose or effect of the petition was not prejudicial to the rights of respondent because these inquiries were irrelevant to the issue. The only testimony offered by respondent sought to show the reason for the witnesses signing the petition and did not relate to the question at issue, namely, whether the petition contained the required number of qualified signers.

We have not relied upon the report of the Supreme Court commissioner in reaching our conclusions, but have relied upon the testimony. This motion is, therefore, denied.

The next motion is to vacate the rule for the taking of depositions. We do not deem it necessary to pass upon the question raised as to the propriety of empowering a Supreme Court commissioner to rule upon testimony, or to make a finding and report his conclusions. For the reasons above expressed, we think there was no prejudice or harm to respondent in the limitation imposed, since he might introduce any testimony upon relevant questions. The report is merely advisory and, as above stated, has not been used in reaching our conclusions. This motion is denied.

Upon the whole case, we conclude that it appears that the respondent has refused to call an election in accordance with the requirement of the statute, and that the determination of the respondent is erroneous and without legal warrant, and should be set aside.