**PERKINS v. SOUTHERN COAL CORP.**

No. 6252.

United States Court of Appeals,
Fourth Circuit.

Argued June 26, 1951.

Decided July 30, 1951.

S. H. Sutherland, Clintwood, Va. (E. Z. Duty, Bradshaw, W. Va., B. F. Sutherland and George C. Sutherland, Clintwood, Va., on the brief), for appellant.

George Richardson, Jr., Bluefield, W. Va., and Joseph M. Crockett, Welch, W. Va. (J. M. B. Lewis, Jr., and Paul S. Hudgins, Bluefield, W. Va., on the brief), for appellee.

Before PARKER, Chief Judge and DOBIE, Circuit Judges, and TIMMERMAN, District Judge.

DOBIE, Circuit Judge.

Julia M. Perkins instituted a civil action in the United States District Court for the Southern District of West Virginia for damages done by Southern Coal Corporation in removing the coal from 70 acres of coal land in McDowell County. She claimed title by reason of a deed from D. L. Payne to L. H. Payne, dated September 1, 1908, and the continued adverse possession thereof with payment of taxes from that date until this action was instituted. The defendant admitted the removal of the coal from the tract of land, but claims that it did so under a lease from the Pocahontas Coal and Coke Company which claims title thereto, under and by virtue of: (1) a grant of a large tract of land of more than 50,000 acres from the Commonwealth of Virginia before the State of West Virginia was formed, which includes this coal, with which grant it connects; (2) recovery in an action of ejectment in the Circuit Court of McDowell County, West Virginia, in 1931, of this coal from plaintiff's predecessors in title; and (3) actual adverse possession of a tract of land of more than 900 acres which included plaintiff's claim.

Plaintiff did not controvert the issuance of the grant mentioned in (1) above, but claimed that her possession gave her title, and she denied the third defense.

Plaintiff filed an amended complaint (with reference to defense (2) in the paragraph above) in which she asked, on various grounds which we shall consider, that "said purported civil action in ejectment should not be used in evidence in plaintiff's said action above mentioned, nor be relied upon in any way." In the prayer for relief, plaintiff asked:

"(1) That said record in ejectment and purported judgment be declared null and void as to this plaintiff;

"(2) That the defendant be enjoined and restrained from in any way using said record and purported judgment as a defense to plaintiff's civil action No. 1054, above mentioned and described, now pending in the United States District Court for the Southern District of West Virginia at Bluefield; and

"(3) That the plaintiff have judgment against the defendant for costs, and the plaintiff have such other and further relief as is just."

Defendant thereupon moved for a summary judgment in its favor upon the grounds: "The plaintiff is not the owner, as alleged in her complaint, of the coal underlying the tract of land indentified in her original complaint field herein as conclusively appears from the record of proceedings and final judgment in that certain action in ejectment heretofore prosecuted in the Circuit Court of McDowell County, West Virginia, under the style, Pocahontas Coal & Coke Company v. A. S. Day, et al., a copy of which record and judgment is exhibited with defendant's answer to plaintiff's supplemental complaint filed herein."

This motion was granted by the District Court, 96 F.Supp. 8, and plaintiff has appealed to us.

We discuss briefly the more important grounds upon which plaintiff attacks the validity of the judgment in the previous ejectment suit as defense to the instant civil action under the doctrine of *res adjudicata*. Since we think these grounds, taken singly and together, are lacking in merit, the judgment below must be affirmed.

■ The declaration and notice in the ejectment suit were signed:

"Pocahontas Coal and Coke Company, by . . . . . . . . . . . .
Counsel"

Plaintiff contends that this was not a sufficient signing within the requirement of § 5426 of the Annotated Code of West Vir-

ginia, Code, 55–4–8, because the name of plaintiff's counsel was not inserted in the blank. We think that this objection is without merit. The name of plaintiff was signed in typewriting, which is sufficient, and the omission of the name of counsel is immaterial. Certainly plaintiff was not harmed by this omission. No objection seems to have been made by Fanny Vance, plaintiff's predecessor in title, for she entered a general appearance which served to waive this defect. See Nicholas Land Co. v. Crowder, 127 W.Va. 216, 32 S.E.2d 563; Lawrence v. Montgomery Gas Co., 88 W.Va. 352, 106 S.E. 890; Wandling v. Straw, 25 W.Va. 692; Mahany v. Kephart, 15 W.Va. 609; Simmons v. Trumbo, 9 W.Va. 358.

■ Plaintiff next contends that the ejectment suit was discontinued long before final judgment by reason of the ejectment plaintiff's failure to have the case continued or by virtue of ejectment plaintiff's failure to have any order entered therein from November Rules, 1926, to April Rules, 1930. It is difficult for any lawyer or judge familiar with modern systems of pleading to understand this objection which stems from the archaic system of procedure still obtaining in West Virginia. This objection, too, lacks merit and was more than adequately answered in the opinion of the District Judge, to which little need be added. See, particularly, West Virginia Code, 56–6–8, which provides: "All causes on the docket of any court, and all other matters ready for its decision which shall not have been determined before the end of a term, * * * shall, without any order of continuance, stand continued until the next term." See, also West Virginia Code, 56–8–9; Millar v. Whittington, 87 W.Va. 664, 105 S.E. 907; Bennett v. Farmers Mutual Fire Association, 78 W.Va. 654, 90 S.E. 169; Taylor v. Taylor, 76 W.Va. 469, 85 S.E. 652; O'Brien v. Cambden, 3 W.Va. 20; Jarrell v. Cole, 4 Cir., 215 F. 315.

■■ Nor is the judgment in the ejectment suit invalid because the final order was entered by F. C. Cook, a special judge sitting in place of B. F. Howard, the regular judge, who had disqualified himself. The record discloses that the special judge

complied with the necessary requirements set out in the West Virginia law, including the oath. See West Virginia Constitution, Article IV, Section 5. There is no force in plaintiff's contention that the lawyer who appeared for plaintiff's grantor was without authority to act. In Lawrence v. Montgomery Gas Co., 88 W.Va. 352, 106 S.E. 890, the court said in its second syllabus: "Where an attorney appears in a cause and files an answer or other pleading, being an officer of the court, he is presumed to have authority, and that what he does in relation thereto has been done with authority duly conferred."

See, also, Lemley v. Wetzel Coal & Coke Co., 82 W.Va. 153, 95 S.E. 646; Wandling v. Straw, 25 W.Va. 692. We think the special judge here was a judge *de jure;* he was at least a judge *de facto.* The fifth syllabus in Tower v. Whip, 53 W.Va. 158, 44 S.E. 179, 180, 63 L.R.A. 937, reads: "A judgment rendered by a special judge elected as provided by law is neither void nor reversible merely because he did not take the oath in article 4, § 5, of the Constitution. He is at least a judge de facto."

The record discloses no objection either to the sitting of the special judge or the appearance of counsel on behalf of plaintiff's grantor. It is rather late, and somewhat naive, at this late date, for plaintiff to attempt to upset the ejectment judgment by affidavits purporting to disclose matters *dehors* the record.

■ The ejectment judgment is nonetheless valid against plaintiff though there was no notice of *lis pendens.* West Virginia Code of 1923, Chapter 90, Section 35, reads: "Any such judgment in an action of ejectment shall be conclusive as to the right of the possession established in such action, upon the party against whom it is rendered, and against *all persons* claiming from, through, or under [any] such party, by title accruing *after the commencement of such action,* except as hereinafter mentioned." (Italics ours.)

Central Trust Co. v. Harless, 108 W.Va. 618, 152 S.E. 209. The same is true of a writ of possession. See, statute quoted just above. See, also, Curtis v. Deepwater

Railway Co., 68 W.Va. 762, 70 S.E. 776; Wade v. McDougle, 59 W.Va. 113, 52 S.E. 1026. Nor can plaintiff successfully contend that the effect of this statute and these decisions has been avoided by the alleged delay of defendant. Central Trust Co. v. Harless, 108 W.Va. 618, 152 S.E. 209; Central District & Printing Tel. Co. v. Parkersburg & O. V. E. Ry. Co., 76 W.Va. 120, 85 S.E. 65; Buster v. Holland, 27 W.Va. 510; Norris v. Ile, 152 Ill. 190, 38 N.E. 762.

It is well settled that plaintiff's adverse possession of the surface, where there has been a severance of the minerals, does not give her any right or title to the minerals under the surface. The fourth headnote to United Fuel Gas Co. v. Dyer, 185 F.2d 99, 100, (recently decided by our Court, opinion by Chief Judge Parker) reads: "Where there had been a severance of mineral interests from the surface of West Virginia lands, adverse possession of the surface was not effective to ripen title to the minerals, even though those in possession of the surface had no notice of the severance." See, also, Central Trust Co. v. Harless, 108 W.Va. 618, 152 S.E. 209; Thomas v. Young, 93 W.Va. 555, 117 S.E. 909. Plaintiff does not claim any mining operations under the surface of the tract of land in question which might serve to establish adverse possession of the minerals.

It was argued that the enforcement of the judgment of the state court should be enjoined because obtained by fraud. It is well settled, of course, that in a proper case the enforcement of a judgment obtained by fraud may be enjoined. United States v. Throckmorton, 98 U.S. 61, 25 L.Ed. 93. Nothing in the pleadings in this case, however, raises any issue as to the obtaining of the judgment by fraud. It is said that the affidavits filed show that the attorney who represented Mrs. Vance in consenting to the substitution of the judge had an interest in the property; but it does not appear that this interest was in the tract of land conveyed to Mrs. Vance or was hostile to her interest or that any fraud was perpetrated upon her in connection with his appearance, and no issue with respect to the interest of the attorney or his appearance was raised by the pleadings.

The judgment of the District Court is affirmed.

Affirmed.