# CHARLESTON

## · EX PARTE MYLIUS.

Submitted January 15, 1907. Decided February 26, 1907.

1. CONTEMPT.—*Rule to Show Cause—Service.*
    A rule to show cause why a person shall not be adjudged guilty of contempt must be served in person on the party charged. (p. 406.)

2. SAME—*Commitment—Habeas Corpus.*
    A judgment or order committing to jail upon a charge of contempt in disobeying a decree, made in the absence of the person, is void, and a person imprisoned under it will be relieved by a writ of *habeas corpus.* (p. 407.)

Error to Circuit Court, Randolph County.

Application by Charles F. Mylius for writ of *habeas corpus* to Floyd McDonald, sheriff. From an order denying the writ, petitioner brings error.

*Reversed.*

W. B. MAXWELL, for plaintiff in error.

BRANNON, JUDGE:

Nancy E. Mylius brought a suit in the circuit court of Randolph county against her husband, Charles F. Mylius, to obtain a divorce. The court made an order in the suit requiring the husband to pay certain sums of money to the wife for expenses of her suit and alimony during the pendency of the suit. Charles F. Mylius having failed to pay said money, on the motion of the wife the court awarded a rule

requiring him to appear on a day certain to show cause why he should not be adjudged to answer for contempt of the court in disobeying said order.    Later the court made an order, both in the chancery and the law order books, which, after reciting that Charlès F. Mylius had not complied with the order of the court requiring such payment, and that he had not answered the rule aforesaid, and that he had not shown any cause why he should not be attached or otherwise proceeded against for his failure therein, contained the following language: "It is ordered that the sheriff of the county of Randolph do attach the body of the said Charles F. Mylius and keep him in safe custody in the jail of Randolph county until the further order of this court." Later Charles F. Mylius obtained, on his petition, from Judge Reynolds of the Sixteenth Circuit, a writ of *habeas corpus*, to obtain release from said jail of Randolph county under the said order of imprisonment, and upon hearing of the said writ said Mylius was remanded to the custody of the sheriff of Randolph county, and from this judgment Mylius sued out the writ of error which we now decide.

The writ of *habeas corpus* cannot be used to effect the function of a writ of error or appeal. It is used to relieve from imprisonment under a judgment that is void. *Ex parte Evans*, 42 W. Va. 242. If the order of imprisonment is void, Mylius is entitled to release from jail. Therefore, we must see whether that order is void. It does not appear that the rule was in any wise served on Mylius, except that his petition for the writ of *habeas corpus* states that it was served by posting at the front door of his usual place of abode. Is such a service good? A proceeding for contempt is a criminal proceeding. *State* v. *Irwin*, 30 W. Va. 404. It is a criminal proceeding, because both fine and imprisonment, or either, may be imposed for contempt. Now, this rule is the basis of the proceeding in which Mylius was sent to jail. It is the writ of citation to answer the criminal charge of contempt. Criminal process must be served on the person, unless a statute otherwise provides. 1 Bishop, Crim. Pro., sec. 869a; 13 Ency. Pl. & Prac., 613; Alderson on Process, 313.

The Code, chapter 147, section 29, says that no court shall even fine for contempt, unless the party be present in court,

"Or shall have been served with a rule of court to show cause, on some certain day, and shall have failed to appear and show cause." Chapter 162, section 14, Code, repeats this prohibition. These chapters treat the subject of contempt, and they do not provide for any non-personal, substitutionary service of process. It is true that chapter 158, providing for process on indictments, says that on an indictment for a misdemeanor a summons may be served under section 1, chapter 121, which allows service in person or on a member of the family or by posting at the front door of the usual place of abode; but that is, in terms, on indictment. The law as to this rule of contempt requires personal service. You may say that personal service of criminal process is required in all cases where the legislature has not dispensed with it. Now, if by our positive statute law you cannot proceed without personal service to impose even a fine, can it be that imprisonment may be imposed without it? Here the question occurs whether this failure to have personal service of the rule is mere error or makes the order of imprisonment totally void. I suppose that if the court had awarded an attachment and brought Mylius before it, the question would be immaterial; but as the court did not do so, and committed him to prison when he was not present, this error of basing the order of imprisonment upon such service by posting vitiates the whole proceeding, as falling under the rule that judgment without legal notice or citation is utterly void. Legal notice of the pendency of a proceeding in court is indispensable to a judgment that has any force. Therefore, I think that the want of service of this rule, required by the letter of our statute law, renders the judgment void.

The record shows no presence of Mylius at the time when the order of arrest and imprisonment was made; its construction is that he was absent. It must show his presence. As stated above a proceeding for contempt is a criminal proceeding. Judgment of imprisonment for felony or misdemeanor, cannot be rendered in the absence of the person. *State* v. *Campbell*, 42 W. Va. 246; *State* v. *Dolan*, 58 *Id*. 263. Mylius had right to a hearing, to a day in court, to purge himself of contempt before being sent to prison. By proper proceeding, upon return of the rule, le-

gally served, a formal attachment should have been awarded to attach Mylius by his body and bring him before the court to answer for contempt. He might then and there pay the money and thus obey the order of the court, or he might show some excuse for non-payment. *State* v. *Frew*, 24 W. Va. 416; 4 Ency. Pl. &. Prac. 783, 784. If, when brought into court, he should not exculpate himself, then the court could order him to stand committed, that is, be sent to jail. Notice, that chapter 147, section 27, Code, directing proceedings for contempt says that the court may issue *attachments* for contempt, and that chapter requires an antecedent rule as above stated, and thence we infer that an attachment to bring the person in body before the court is necessary. The judgment of imprisonment having been rendered in the absence of Mylius is utterly void, because the authorities just cited show that any judgment of imprisonment must be in the presence of the accused. A court may impose a fine in his absence. It may try him, after legal notice, for a misdemeanor, without his presence; but never can it impose imprisonment without his presence; it must, by proper process, get him before the court in body; that process, in case of contempt, is called an attachment, which is used, in chancery language, only as another word for the common law capias.

Therefore, we reverse the judgment remanding Mylius to custody of the sheriff of Randolph county, and we render judgment, that he be discharged from the custody of said sheriff.

*Reversed.*