# CHARLESTON.

Ex Parte William Samuel ·and David Slivoo.

Submitted May 10, 1918. Decided May 10, 1918.

1. Justices of the Peace—*Docket—Contents.*
   The docket of a justice of the peace is only *prima facie* evidence of what it contains. (p. 487).

2. Habeas Corpus—*Preliminary Hearing—Evidence—Discharge.*
   One charged with an offense in a warrant issued by a justice of the peace, and committed by such justice after a hearing upon said warrant, will be discharged from custody upon a writ of *habeas corpus* where it is shown that no competent evidence was introduced upon such hearing tending to show the guilt of the accused on such charge, and he did not waive a preliminary hearing thereon. (p. 488).

Habeas Corpus by William Samuel and David Slivoo against J. E. Shreves, Jailer, etc.

*Petitioners discharged.*

*A. M. & Neil Cunningham,* for petitioners.

*E. T. England,* Attorney General, and *Henry Nolte,* Assistant Attorney General, for respondent.

RITZ, JUDGE:

The petitioners were arrested upon a warrant issued by a justice of the peace of Randolph county charging them with obtaining money by false pretenses, the exact charge being that they solicited money from sundry people ostensibly for the purpose of relieving the Armenian and Syrian Christians in western Asia, when in fact the money was used, and to be used, for no such purpose. Petitioners were brought before the justice of the peace, and upon a hearing they were held to await the action of the grand jury upon the charge made against them, and have since been confined in the jail of Randolph county. They seek their discharge upon *habeas corpus*, alleging that there was no evidence introduced before the justice tending to support the charge against them; that the only evidence there offered was that they had solicited and received funds for the purpose above mentioned, and that one witness testified that he did not believe their credentials were genuine, or that the funds solicited were for the purpose claimed; that said witness, however, testified that he knew nothing about them, did not know them, and had no information whatever upon the subject. Statements made by him before the justice, as shown by the petition filed in this case, were not evidence at all under any of the rules governing the admission of evidence, but were simply an expression of the opinion of the witness for which there was absolutely no foundation. This allegation of the petition is fully supported by affidavits accompanying the same, and is not controverted by the return. The justice's docket recites that the petitioners were brought before him on the warrant, and that after hearing the evidence he found it to be sufficient to hold them to answer an indictment and committed them to jail in default of bail. The Attorney General contends that this recital in the justice's docket is not overcome by the petition verified by the affidavits of both petitioners, and by the affidavits of others filed in support thereof. The docket of a justice of the peace is not conclusive, but only *prima facie* evidence of what it contains. It is subject to be overthrown and the true facts shown by evidence *aliunde*. *State* v. *Ems-*

weller, 78 W. Va. 214. In this case the evidence is conclusive that there was no evidence heard by the justice of the peace upon which to base the finding which he noted in his docket.

The remaining inquiry is, can the petitioners by habeas corpus question the commitment? It is quite well established that habeas corpus is a proper remedy to discharge one held in custody upon a void warrant, or upon a warrant which does not charge an offense, but is it the proper remedy to discharge one from custody who has been arrested upon a warrant good upon its face, and who has been committed by a magistrate having authority to commit him upon the sole, ground that the magistrate issued the commitment without any evidence being introduced in support of the charge contained in the warrant? At common law the jurisdiction of the superior courts to review by habeas corpus the action of justices of the peace was very extensive. The action of the justice of the peace was not even considered prima facie correct, and for that reason the superior courts in England, not only discharged those committed by a justice because no evidence was heard, but went further and inquired into the sufficiency of the evidence, and if it was found that the evidence upon which the party was held did not constitute probable cause in the opinion of the judges, the accused parties were discharged. State v. Emsweller, 78 W. Va. 214-221. In this jurisdiction, however, the record of a justice is prima facie correct, and it may be said that a court upon an inquiry like this will not go into the question of whether the evidence heard by the justice was sufficient to constitute probable cause for charging the accused party with the offense where some competent evidence was offered tending to show that fact, but may the justice without any evidence at all commit a party charged with an offense? We think the better rule is, and it is the one which seems to be supported by the authorities, that where, as in this state, the record of the committing magistrate is simply prima facie evidence, habeas corpus may be resorted to to discharge one from custody where the magistrate committed him without hearing any evidence tending to support the charge. Can it be said that a justice of the peace may issue his warrant against a party charging

him with an offense and commit him to jail to await the action of the grand jury, when no evidence is produced tending to show his guilt?   Such a party would be entirely without remedy, and if he could not give bail would be compelled to lie in jail until the grand jury met and he could be discharged from custody.   There would be no way to review the action of the justice of the peace in committing him.   This conclusion is fully supported by the authorities.  21 Cyc. 325; Church on Habeas Corpus, p. 331; 12 R. C. L. 1242; *State* v. *Smith,* 138 Ala. 111, 35 So. 42, 100 Am. St. Rep. 26 and note; *State ex rel Turner* v. *Huegin,* 110 Wis. 189, 62 L. R. A. 700 and note.

It being shown without controversy that no evidence was introduced before the justice of the peace tending to show that the petitioners were guilty of the charge against them, and no showing being now made that there is any evidence tending to show that they are guilty of said charge, it follows that they will be discharged from custody.

*Petitioners discharged.*