JULIA KAMMER V. STATE OF NEBRASKA.

FILED NOVEMBER 10, 1920.    No. 21648.

1. **Contempt: INFORMATION.** Where an information for contempt for the violation of a remedial judicial order in a civil case shows clearly that the disobedience was "wilful," the failure to use that word in making the charge is not a fatal defect.

2. ———: **FAILURE TO ANSWER.** A defendant may be found guilty of contempt for violating a peremptory, remedial order, where, after the filing of a proper information and the giving of due notice to show cause why he should not be punished, he does not

answer, fails to make any such showing, and offers no excuse for his disobedience; and in such a case he is not deprived of his right to a hearing, his conduct being treated as a confession of guilt.

3. ——: COMMITMENT. Where a person charged with contempt for violating a peremptory order entered as a remedial measure for the benefit of a party in a civil suit has been duly convicted after proper notice, his commitment may be ordered in his absence.

ERROR to the district court for Douglas county: WILLIS G. SEARS, JUDGE. *Affirmed.*

*F. A. Mulfinger, John F. Moriarty* and *W. J. Connell,* for plaintiff in error.

*Arthur C. Pancoast, contra.*

ROSE, J.

Julia Kammer, defendant, was convicted of contempt for violating a peremptory order to produce before the district court the infant child, Ruth Naomi Kammer, the punishment being commitment to the county jail during further disobedience. As plaintiff in error, defendant presents for review the record of her conviction.

When the child was three years old its mother procured a divorce from its father on the ground of extreme cruelty, and the court committed its permanent custody, care and nurture to its mother, but permitted defendant, its paternal grandmother, to keep it two days each month for companionship with its father. Under the court's order defendant took the child for a visit, but, failing to return it to its mother, was peremptorily ordered to produce it before the court. This order was disobeyed after due notice. Upon information of the mother defendant was cited to show cause, if any, why she should not be punished for contempt, but at the appointed time defendant entered no formal plea, filed no answer, and made no sufficient showing. Thereupon she was adjudged to be in contempt, the punishment, as stated, being imprisonment in the county jail until such a time as she should produce the child in court.

It is first argued that the information is insufficient because it fails to charge wilful disobedience. The position seems to be untenable. Defendant was permitted by the decree to keep the child as a monthly visitor for two days at a time. Her right to its custody was granted on the terms prescribed by the court. She was answerable to the court for the performance of the trust confided to her. Her son had abused his child's mother and had thus lost his rights as custodian of his offspring. Defendant represented the judicial arm of the government in permitting temporary companionship between the father and the child and in returning the latter to the lawful custody of its mother. It was the duty of defendant to exercise her temporary authority in a manner commensurate with her responsibility to the mother and to the state, to keep control of the child during its visit, to report immediately any invasion of her right to temporary custody, and to return the ward to its permanent custodian without any further order from the court. Over these matters the court had supervisory power and had jurisdiction to order defendant to bring the child into court. No fine was imposed. The purpose of the imprisonment was to compel obedience. The punishment was remedial. The information states the jurisdictional facts. The making of the court's order and its violation by defendant are charged. It is also charged that, though often requested, defendant refuses to return the child to its mother. While the information does not use the word "wilful," the charge as a whole shows clearly that the disobedience was wilful. This is sufficient in that respect, where the proceeding is remedial to compel obedience to a judicial order. *Nebraska Children's Home Society v. State,* 57 Neb. 765.

The next complaint is that defendant was deprived of her right to a hearing. On this point she seems to be foreclosed by former opinions. *Gandy v. State,* 13 Neb. 445; *Nebraska Children's Home Society v. State,* 57 Neb. 765; *Gandy v. Estate of Bissel,* 5 Neb. (Unof.) 184. In a recent opinion it was held:

"Under the Criminal Code the defendant must be ar-- raigned and be required to plead, and if he stand mute the court is required to enter a plea of not guilty in his be- half.   Such is not the rule in a contempt proceeding.   In such cases we have held that defendant in contempt, who refuses to plead, may be treated by the court as admitting the charges contained in the information." *Hanika v. State*, 87 Neb. 845.

In the present case the trial court, therefore, in adjudg- ing defendant to be in contempt upon her failure after due notice to answer the citation at the appointed time, or to show sufficient cause why she should not be punished or to give any reasonable excuse for her failure to comply with the peremptory order, followed precedent.

The concluding argument is directed to the proposition that the commitment is void because defendant was not present in court when the sentence of imprisonment was pronounced.   In a case like the present, where the purpose of punishment is to compel obedience to a judicial order for the benefit of a party to the suit, after due notice and a failure to answer the citation, there is authority for the rule that defendant's presence is unnecessary at the time the commitment is ordered.   *Barclay v. Barclay*, 184 Ill. 471.   An annotator on this subject in a recent note in 10 L. R. A. n. s. 1102, where the cases are collected, says:

"An extensive search has failed to reveal any case where a conviction for a civil contempt has been set aside merely because the contemnor was not in the presence of the court when sentence was rendered.   In proceedings for civil con- tempt, if the alleged contemnor has had notice thereof, the judgment against him will be upheld, in spite of his absence from court at the time it was rendered." *Mylius v. Mc- Donald*, 10 L. R. A. n. s. 1098 (*Ex Parte Mylius*, 61 W. Va. 405).

Though absence of defendant at the time the order of commitment is made, after there has been a valid convic- tion as a remedial measure, is not a ground of reversal, it is the better course, if practicable, to require the presence of defendant, since it leaves open to the last the opportunity

to appeal for mercy, to comply with the order violated, or to purge the contempt. The respect due to the courts of justice is more likely to follow the milder course.

There being no prejudicial error found, the judgment is

AFFIRMED.

DEAN, J., not sitting.