# CHARLESTON.

ANDREW WHITE, PETITIONER, v. COUNTY COURT OF ROANE COUNTY et al.

(No. 5518.)

Submitted September 2, 1925.   Decided September 15, 1925.

CONTEMPT—PROHIBITION—*County Court Has No Jurisdiction to Punish as For Contempt One Not Complying With Ex Parte Order Requiring All Persons Who Have Placed Obstructions in County Road to Remove Them; Prohibition Will Lie to Prevent County Court Punishing for Contempt Person Who Has Not Complied With Ex Parte Order Requiring Removal of Obstructions in County Road.*

A county court has no jurisdiction to punish as for contempt one who' has not complied with an *ex parte* order requiring all persons who may have placed obstructions in a county road to forthwith remove the same; and prohibition will lie to prevent such punishment.

(Contempt, 13 C. J. § 14.)

(NOTE:  Parenthetical references by Editors, C. J.—Cyc.  Not part of syllabi.)

Original proceeding by Andrew White, petitioner, for writ of prohibition to be directed to the County Court of Roane County and others.

*Writ awarded.*

*Grover F. Hedges* and *S. P. Bell,* for petitioner.

LIVELY, PRESIDENT:

By his petition and rule in prohibition Andrew White seeks to prohibit the County Court of Roane County from further proceeding in the trial of an alleged contempt committed by him against said county court. The county court has made no appearance nor return to the rule.

Petitioner alleges that the county court had relocated a road through his land, which relocation also ran through his land almost parallel to the old road; that he was informed by the president of the county court that the old road had been abandoned after the new one had been opened; whereupon he felled small trees and bushes in the old road; that subsequently, on February 17, 1925, the court entered an order directing that a certain portion of the old road should remain open for the use of Flesher and the general public in traveling to and from Flesher's dwelling to the new road, and in that order all persons who may have placed any obstructions in that portion of the old road directed to be and remain open, should forthwith remove the same; that later, on June 19, 1925, the court issued a summons against him to show cause why he should not be fined and attached for failure to obey the order of the court in clearing a certain road near his residence of the obstructions he had placed therein. He appeared to the summons or rule and moved for dismissal, which motion was overruled. He then moved to quash the attachment and demurred to the rule in attachment ''and all the orders and proceedings taken against him,'' which motions were overruled, and the hearing was continued until the next term. Petitioner then promptly applied for and obtained this rule in prohibition.

Petitioner alleges that the contempt proceeding was begun without any affidavit from any one to the effect that he had failed to comply with the county court's order; that he is not in contempt of the county court; and that the county court is without authority of law to punish him for contempt in the manner and form set out.

Prohibition is a writ of right and lies in all cases of usurpation and abuse of power when the inferior court has not jurisdiction of the subject matter in controversy, or, having such

jurisdiction, exceeds its legitimate powers. It lies to restrain inferior tribunals, either where they have no jurisdiction or have exceeded their jurisdiction. Lack of jurisdiction to do the particular act sought to be prohibited warrants the extraordinary writ of prohibition.

Does the county court have jurisdiction to punish petitioner as for a contempt for failing to obey its order of February 17, 1925, stating that all persons who had placed obstructions in that portion of the old road directed to remain open, should forthwith remove the same?

By Sec. 13, Chap. 39, Code, county courts have the same power to punish for contempts as is conferred upon circuit courts by Sec. 27, Chap. 147, Code, except that the penalty is limited to a $50.00 fine for any one offense. By Sec. 27, Chap. 147, Code, circuit courts may summarily punish for contempt in certain instances therein named. A circuit court may punish summarily as for contempt for: "* * * 4. Disobedience or resistance of any officer of the court, * * * or any other person, to any lawful process, judgment, decree or order of the said court."

The proceeding here sought to be prohibited is summary, and unless the order of the county court of February 17, 1925, is a lawful order in the sense that it binds petitioner, the county court would have no jurisdiction to punish him for its disobedience. It was not made in a pending suit in which there were parties litigant, nor was petitioner before the court in the proceeding in which the order was entered. Generally, a court must not only have jurisdiction of the subject matter but must have jurisdiction of the parties to be affected, before it can lawfully make orders binding them. Moreover, the order is not specifically directed to petitioner. It does not direct him to remove obstructions, and he avers that no service of the order was made or attempted to be made upon him. Whether he knew such order was in existence does not appear. If a county court could make a general order that obstructions should be removed from an opened road by whoever may have placed them there, and could punish for contempt for failure to obey the order, without parties or proceeding authorizing such general order, it is not perceived why it could not also, in

opening a road, order that no obstructions should be placed therein, and punish summarily for contempt any person who might violate that order.

Disobedience of an order or decree issued by a court without jurisdiction of the subject matter and parties litigant is not contempt. 13 C. J., page 13, Sec. 14; *Hebb* v. *County Court of Tucker County,* 48 W. Va. 279; *Ruhl* v. *Ruhl,* 24 W. Va. 279; *State* v. *Harper's Ferry Bridge Co.,* 16 W. Va. 864; *Kidd* v. *Va. Deposit Corp.,* 113 Va. 612; 75 S. E. 145.

What power has a county court to direct by *ex parte* order that an obstruction in a road be removed? It may be said the county courts are given superintendence of and administration in the establishment and regulation of roads, under such regulations as may be prescribed by law, and that they should have plenary power to protect the roads from encroachments and obstructions, they being responsible for damages occasioned by roads unsafe for travel; and that this plenary power should include the right to punish as for contempt disobedience to its orders respecting obstructions. The law expressly affords protection of the roads from obstructions, by indictment. The county court may serve notice upon one who has placed obstructions in a road to remove the same, and if the same are not removed the court may recover five dollars a day from the date of the service of such notice until such obstructions be removed, for reimbursement of the fund from which the road is maintained. Sec. 184, Chap. 43, Code. The service of the notice is precedent to recovery of the penalty. But by none of these statutory proceedings can we perceive authority direct or implied to punish as for contempt a violation of an *ex parte* order for removal of obstructions. Contempts are in the nature of criminal offenses, and the statutory provisions relating thereto must be strictly construed.

Bearing upon the question of the power of the county court by *ex parte* order to require a person who has placed an obstruction in a road to remove the same, is the case of *Churchill* v. *Commonwealth,* 13 B. Monroe's Law & Eq. Repts. (Ky. 1852), 333, where the county court issued a rule against Churchill and Myers to show cause why obstructions placed by them upon the public square should not be removed, and upon

trial of the rule, peremptorily ordered defendants to remove the obstructions. Defendants appealed, and the supreme court held that, while the county court had the right to decide that a nuisance existed on the public square, and so order, it did not have power to direct an individual to remove it. In discussing the power of the county court in ordering the removal the court said:

"In the absence of any legislative enactment conferring upon the county court judicial cognizance over erections, obstructions, or other nuisances upon the public square, that is, unless it has by statute the power of 'hearing and determining' such matters (and we know of no such statute), we do not perceive that its right or power over such subjects is essentially different from that of an individual as just described, except that as the court declares its determinations by orders upon the record, and executes them through its ministerial agents, there is more solemnity and more apparent authority in its acts than in those of an individual. But although it has the name and form of a judicial tribunal, and is vested with a considerable portion of judicial power, it does not follow and is not true that all of its powers are judicial or may be exercised in the form of a judicial proceeding, or that by giving to them that form the court may, at its pleasure, assume judicial power, or give to its determinations and orders the conclusive effect of judgments."

We have concluded that the county court has no jurisdiction to punish petitioner as for contempt for the alleged violation of its *ex parte* order of February 17, 1925, and it is not necessary to discuss the point raised that there was no affidavit as the basis of the rule in contempt. That is a point of procedure which possibly would not be considered in prohibition.

*Writ awarded.*