Sᴛᴀᴛᴇ *ex rel* Toɴʏ Vɪᴢᴢɪʀɪ *v.* Roʙᴇʀᴛ M. Lowᴇ, *Sheriff Etc.*

(No. 5943-C.)

Submitted February 16, 1927. Decided February 22, 1927.

Hᴀʙᴇᴀs Coʀᴘᴜs—*In Absence of Showing in Return or Otherwise Evidence of Sufficient Cause Before Committing Magistrate, Accused Will be Discharged (Code, c. 156, §§ 12, 15).*

> Upon a hearing before a magistrate the petitioner was committed to jail. The jurisdiction of the magistrate to commit the petitioner is challenged here on the ground that no competent evidence was produced at the hearing, tending to show

the accused guilty of the offense charged. What evidence was given at the hearing does not appear. The return of the sheriff herein makes no allegations of fact tending to show the guilt of the accused. Held: Evidence of *sufficient cause* is necessary to support the jurisdiction of the justice in this case. Since it does not appear that such evidence was before the justice, either from the return or in any other manner, the accused will be discharged from custody.

(Habeas Corpus, 29 C. J. § 38.)

(NOTE: Parenthetical references by Editors, C. J.—Cyc. Not part of syllabi.)

Original proceedings in habeas corpus by the State, on the relation of Tony Vizziri, against Robert M. Lowe, Sheriff.

*Petitioner discharged.*

*Ramsay & Wilkin* and *R. C. Wilkin,* for petitioner.
*James R. Wilkin,* for respondent.

HATCHER, PRESIDENT:

In Jan., 1927, Tony Vizziri was arrested upon a warr. nt issued by A. B. Collett, a justice of Brooke county, and by him committed to jail to answer an indictment. The warrant charged Vizziri with conspiring to inflict bodily injury upon Nick Di Fabbio and other persons.

Vizziri filed a petition in this court praying for a writ of habeas corpus. Several matters are alleged which are not jurisdictional and therefore need not be detailed. His most serious charge is that there was no competent evidence before the justice warranting his commitment. The proceedings on the hearing before the justice are described in his petition as: "Thereupon a witness, Tony Perotta, was also brought before said Justice of the Peace as aforesaid, and was asked this question by the Prosecuting Attorney: "Is this one of the men, and if he is, it will not be necessary for you to answer but merely nod your head." And that thereupon, the said Tony Perotta nodded his head and the said Justice of the Peace, A. B. Collett as aforesaid, without any further evidence whatsoever taken or had at said hearing, remanded your petitioner."

The writ was awarded. 'With his return thereto the sheriff filed the affidavit of Justice Collett. The account of the hearing as given by the justice applies to others as well as Vizziri, and is as follows: "That he did not bind these defendants over to the said grand jury simply by a nod of the head of the state witness but only after good and sufficient evidence and positive identification of each and every one of said defendants had been produced before him by one of the confessed members of a band of criminals known as "The Black Hand Society".

Sec. 12, Ch. 156, Code, gives to any person brought before a justice for an offense, the right to be confronted with the witnesses against him. Sec. 15 gives the justice the right to commit the accused to jail, if he considers there is *sufficient cause* for charging the accused with the offense. But the *sufficient cause* must appear from competent testimony of witnesses examined by the magistrate *in the presence of the accused,* as required by Sec. 12. The existence of evidence tending to show sufficient cause is jurisdictional under our statutes. *State* v. *Emsweller,* 78 W. Va. 214 (221-3). When no competent evidence is introduced at the hearing the justice has no jurisdiction to commit an accused to jail, unless the hearing is waived. *Ex parte Samuels,* 82 W. Va. 486; 1 Bailey, Habeas Corpus, p. 156-7.

The charge of petitioner is pointed and definite. He says he was confronted with but one witness, Tony Perotta, and that the only testimony given by Perotta was that petitioner *was one of the men.* That testimony *alone* is of course entirely insufficient to support the charge in the warrant.

The affidavit of the magistrate also refers to only one witness, whom he terms *a confessed member of the Black Hand Society.* It was not shown that the witness Perotta and the *confessed member* are the same person. No connection is apparent between the Black Hand Society and the charge in the warrant. It does not appear that the *confessed member* was examined in the presence of, the accused, nor what "good and sufficient evidence was given by him.

After commitment of a petitioner, a court is limited upon a habeas corpus hearing to a review of such proceedings before the magistrate as relate to jurisdiction. 12 R. C. L. p. 1242, par. 61. Evidence before the magistrate being jurisdictional, we may consider such evidence far enough to determine if there was competent testimony tending to support the charge against the petitioner. *Ex parte Samuel, supra,* 488-9; 29 C. J. p. 47. The return of the sheriff contains no allegation of facts necessary to warrant the detention of the accused. It furnishes us no evidence to review. The statement of the magistrate that there was good and sufficient evidence, is not evidence; it is merely the opinion of the magistrate. In this case the name of the witness testifying should have been given. The substance of his testimony should have been detailed. Then we could have determined whether "the good and sufficient evidence" referred to by the justice, answered the requirements of the statute. "The facts necessary to warrant the detention of the party must in substance be alleged" in the return. *State* v. *Reuff,* 29 W. Va. 751 (763). "Where the commitment is by an inferior court, the return must show that it possessed the requisite jurisdiction". 29 C. J. p. 158. There is no presumption in support of the jurisdiction of a justice. 29 C. J. par. 193, p. 171.

As the return presents no evidence for our consideration, and contains no allegation of facts which warrants the detention of the petitioner, and his detention is justified in no other manner, his discharge from custody necessarily follows.

*Petitioner discharged.*