153 S.E.2d 681 (1966)
STATE ex rel. Lloyd ARNOLD, Judge of the Circuit Court of Wetzel County, West Virginia,
v.
Ralph CONLEY.
No. 12566.
Supreme Court of Appeals of West Virginia.
Submitted September 20, 1966.
Decided December 13, 1966.
Concurring and Dissenting Opinions March 28, 1967.
*682 Phillips & Holden, John D. Phillips, John D. Phillips, Jr., Wheeling, for plaintiff in error.
C. Donald Robertson, Atty. Gen., Leo Catsonis, Asst. Atty. Gen., Charleston, for defendant in error.
CALHOUN, Judge.
This case is before the Court on writ of error to the judgment of the Circuit Court of Wetzel County embodied in an order entered on January 17, 1966, by which Ralph Conley, the appellant, was adjudged to be guilty of contempt of that court, sentenced to confinement in the county jail for a period of five days and ordered to pay a fine of $10.00 and the costs of the contempt proceeding.
At the time of the occurrence which is alleged to have constituted contempt of court and for several years prior to that time, Ralph Conley, a resident of New Martinsville, the county seat of Wetzel County, was employed as a reporter to gather news from that county and from surrounding areas for publication in The Intelligencer, a daily newspaper published at Wheeling in Ohio County. On January 15, 1966, there appeared in The Intelligencer a news story prepared by the appellant relative to five civil actions which had then been set for trial on January 18, 1966, in the Circuit Court of Wetzel County. The news story referred generally to the five cases. Special emphasis was given to the case of Mrs. Frances Ripley against the City of Paden City. It was recited that she had sued the municipality for $24,000 for personal injuries alleged to have been sustained by her when she fell into an open sidewalk grating on January 22, 1965, and that this probably was "the most interesting" of the five cases. In regard to the case, the news story included the following language, which furnishes the primary basis for the charge of contempt:
"The City carries a $100,000 liability insurance policy and the City Council acknowledged *683 fault and recommended in a letter to the insurance carrier that the claim be paid. However, no payment has been received and the suit followed."
On January 17, 1966, an order was entered by the Circuit Court of Wetzel County directing that a rule issue against Ralph Conley commanding him to appear before the court at two o'clock in the afternoon of that day to answer the charge of contempt. Conley appeared before the court at the appointed time, in person and by counsel. The court heard the testimony of the appellant and the testimony of the Recorder of Paden City. The appellant readily admitted that he wrote the news story and brought about its publication. The testimony of the two witnesses established that the facts stated in the news story were true and accurate, or at least substantially so.
After the case was set for argument in this Court, the state filed a written motion to dismiss the writ of error on the ground that the appellant failed to comply with the requirement of Code, 1931, 58-5-4, as amended, that in "criminal cases" no petition for appeal or writ of error shall be presented unless a notice of intent to file such petition shall have been filed with the clerk of the trial court within sixty days after the entry of the judgment or order from which a writ of error or an appeal is sought. This Court recently held the statutory requirement to be mandatory and jurisdictional. State v. Legg [decided November 22, 1966], W.Va., 151 S.E.2d 215. The motion to dismiss therefore presents for decision the question whether this is a criminal case within the meaning of the statute.
"The line of demarcation between acts constituting criminal and those constituting civil contempt is very indistinct. The confusion in attempts to classify civil and criminal contempts is due to the fact that there are contempts in which both elements appear. It may not always be easy to classify a particular act as belonging to either one of the two classes. The same act may constitute both a civil and a criminal contempt. Contempts may be neither wholly civil nor altogether criminal, but may partake of the characteristics of both." 17 C.J.S. Contempt § 5(2), pages 12-13. To the same effect, see 17 Am.Jur.2d, Contempt Section 4, page 7.
"Whether the proceedings are civil or criminal, a contempt of court is in the nature of a criminal offense, and the proceeding for its punishment is criminal in its character, and the rules of evidence governing criminal trials are applicable. * * *." 4 M.J., Contempt, Section 3, page 242. To the same effect, see 17 Am.Jur.2d, Contempt, Section 78, page 72; State ex rel. Alderson v. Cunningham, 33 W.Va. 607, pt. 1 syl., 11 S.E. 76; State v. Davis, 50 W.Va. 100, 40 S.E. 331; State ex rel. Continental Coal Co. v. Bittner, 102 W.Va. 677, pt. 2 syl., 136 S.E. 202, 49 A.L.R. 968; State ex rel. Taylor v. Devore, 134 W.Va. 151, pt. 2 syl., 58 S.E.2d 641; State ex rel. Hoosier Engineering Co. v. Thornton, 137 W.Va. 230, pt. 1 syl., 72 S.E.2d 203; State ex rel. Cox v. Taft, 143 W.Va. 106, pt. 2 syl., 100 S.E.2d 161.
Counsel for the appellant and counsel for the state agree that this case involves a charge of criminal contempt. We are of the opinion, nevertheless, that this is not a "criminal case" within the meaning of the statute upon which the motion to dismiss is based. While this Court has held in many cases that a trial for criminal contempt "is a proceeding in the nature of a criminal trial," or "a quasi criminal proceeding," it has never held that a contempt proceeding is actually a criminal trial. State v. Fredlock, 52 W.Va. 232, 43 S.E. 153, involved a contempt proceeding in the Circuit Court of Ohio County to punish Fredlock for violation of an injunction awarded in a chancery case pending in that court. It was contended in behalf of Fredlock that the contempt proceeding was a criminal case and that, therefore, it should be transferred to the criminal court of Ohio County. In holding that the contention was unsound, the Court explained at some length *684 in the opinion the distinction between contempt proceedings and criminal trials. In Nye v. United States, 313 U.S. 33, 61 S.Ct. 810, 85 L.Ed. 1172, it was held that the criminal character of contempt proceedings does not bring an appeal in such a case within the provision of the Criminal Appeal Rules limiting the time for taking an appeal. We are of the opinion that this is not a criminal case within the meaning of the statute. Accordingly, the motion to dismiss is overruled.
It is contended in behalf of the appellant that the trial court erred in proceeding summarily in this case. Code, 1931, 61-5-26, enumerates various situations in which cases of contempt may be tried summarily. The language of the statute which is pertinent to this case is as follows: "The courts and the judges thereof may issue attachments for contempt and punish them summarily only in the following cases: (a) Misbehavior in the presence of the court, or so near thereto as to obstruct or interrupt the administration of justice; * * *." In State ex rel. McNinch v. Porter, 105 W.Va. 441, pt. 2 syl., 143 S.E. 93, it was held that, notwithstanding the common law right of courts to punish for contempt, a circuit court may not proceed and punish summarily for acts other than those enumerated in the statute. To the same effect, see State v. Hansford, 43 W.Va. 773, pt. 1 syl., 28 S.E. 791.
Code, 1931, 61-5-27, enumerates various acts which normally would be classified as acts in contempt of court, and provides that any person who commits any of the acts therein enumerated "shall be guilty of a misdemeanor" and "upon conviction thereof" he shall be fined not less than twenty-five nor more than two hundred dollars and imprisoned in the county jail not exceeding six months. Proceedings pursuant to this statute must be by indictment. State v. McClaugherty, 33 W.Va. 250, 253, 10 S.E. 407, 408; Hallam v. Alpha Coal Corporation, 122 W.Va. 454, 460, 9 S.E.2d 818, 821. See also State v. Lynch, 84 W.Va. 437, 100 S.E. 284. The appellant contends that the proceedings against him should have been held by indictment and with the right to trial by jury, pursuant to Code, 1931, 61-5-27.
The action of Conley, the appellant, in preparing the story and procuring its publication did not, of course, occur in the actual "presence of the court." The precise question presented for decision is whether the conduct and acts of the appellant constituted misbehavior, not actually in the presence of the court, but "so near thereto as to obstruct or interrupt the administration of justice; * * *." The judge of the trial court was of the opinion that, inasmuch as the issue of the newspaper containing the news story in question was widely circulated and read in Wetzel County and in the community in which his court is held, the appellant's acts constituted misbehavior so near the court as to obstruct or interrupt the administration of justice in that court and that, therefore, the summary proceeding was justified.
We believe the language of Code, 1931, 61-5-26, is clear and unambiguous. It refers to "misbehavior in the presence of the court, or so near thereto as to obstruct or interrupt the administration of justice." The statute does not speak of misconduct, however distant from the court, which merely results in or causes an obstruction or interruption of the administration of justice. The statute speaks of misbehavior "so near" the court as to obstruct or interrupt the administration of justice. We believe the statute clearly refers to the place where the misbehavior occurred, rather than to its mere effect in obstructing or interrupting the administration of justice.
State v. Frew, 24 W.Va. 416, involved a proceeding by this Court while sitting at Wheeling to punish two individuals for publishing in the Wheeling Intelligencer an editorial which stated that three of the four members of the Court had participated in a Democratic caucus at which they stated that they would vote to declare a certain *685 legislative act to be unconstitutional. It was stated in the seventh point of the syllabus that this Court retained its inherent, common law power to punish summarily both direct and constructive contempts. It was unnecessary to the decision, therefore, to construe a statute dealing with the power to act summarily in a contempt case. In State v. McClaugherty, 33 W.Va. 250, 10 S.E. 407, the Circuit Court of Mercer County undertook to try and to punish summarily a member of the Mercer County bar for publishing in the Wheeling Intelligencer, over his signature, an article containing a personal attack on the judge of the Circuit Court of Mercer County. This Court held that the trial court had no power to proceed summarily because there was no showing of any misbehavior in the presence of the court, or so near thereto as to obstruct the administration of justice. While it is true that Mercer County is much farther from Wheeling than are New Martinsville and Wetzel County, we are of the opinion that the McClaugherty case is authority and a precedent for our opinion in the instant case that the words, "so near thereto as to obstruct or interrupt the administration of justice," refer to physical distance rather than to the mere effect of the alleged misbehavior as a basis for summary contempt proceedings.
In Nye v. United States, 313 U.S. 33, 61 S.Ct. 810, 85 L.Ed. 1172, the Court considered and determined the meaning of the following language of a statute relative to the power of federal courts to punish for contempt of court: "misbehavior of any person in their presence or so near thereto as to obstruct the administration of justice, * * *." It will be noted that the language of the federal statute is almost identical with the language of the West Virginia statute. In the Nye case, the holding of the Court was stated, in part, as follows: "The question is whether the words `so near thereto' have a geographical or a causal connotation. Read in their context and in the light of their ordinary meaning, we conclude that they are to be construed as geographical terms * * *. The phrase `so near thereto as to obstruct the administration of justice' likewise connotes that the misbehavior must be in the vicinity of the court. * * * It is not sufficient that the misbehavior charged has some direct relation to the work of the court. `Near' in this context, juxtaposed to `presence', suggests physical proximity not relevancy. * * * There may, of course, be many types of `misbehavior' which will `obstruct the administration of justice' but which may not be `in' or `near' to the `presence' of the court * * *. Yet in view of the history of those provisions, meticulous regard for those separate categories of offenses must be had, so that the instances where there is no right to jury trial will be narrowly restricted. * * *."
For reasons stated, and in the light of the authorities referred to, the Court holds that the trial court had no power, by a summary proceeding, to try and to punish Ralph Conley for contempt of court.
Counsel for the appellant have earnestly insisted by brief and oral argument that proof in the trial court was insufficient in any event to warrant the conviction, in the light of freedom of the press provisions contained in the First Amendment of the Constitution of the United States and in Article III, Section 7 of the Constitution of West Virginia and in the light of the "clear and present danger" rule of law which has been announced and applied in various decisions of the Supreme Court of the United States, including the following, all of which involved charges of contempts of court arising from newspaper publications: Bridges v. State of California, 314 U.S. 252, 62 S.Ct. 190, 86 L.Ed. 192; Pennekamp v. State of Florida, 328 U.S. 331, 66 S.Ct. 1029, 90 L.Ed. 1295; Craig v. Harney, 331 U.S. 367, 67 S.Ct. 1249, 91 L.Ed. 1546; Wood v. Georgia, 370 U.S. 375, 82 S.Ct. 1364, 8 L.Ed.2d 569. We are of the opinion that, in the light of this Court's reversal of the judgment of conviction on another ground, we are not called upon to decide this question *686 and that it might be inappropriate in these circumstances to do so. We will not, therefore, in this case, decide the question of the sufficiency of the proof to support a conviction.
For reasons stated in this opinion, the judgment of the Circuit Court of Wetzel County is reversed.
Reversed.
BROWNING, Judge (concurring in part and dissenting in part).
I concur in the decision of the case but believe the Court should have decided under the facts of this case that defendant was not guilty of contempt and that he had a right to publish the article under the authority of the First Amendment to the Constitution of the United States and Article III, Section 7, of the constitution of this state. I vehemently disagree with the majority of the Court because it did not decide that question.
HAYMOND, Judge (concurring).
Without expressing any opinion concerning the question whether the acts of the appellant in preparing and publishing the newspaper article mentioned in the majority opinion constituted criminal contempt, I concur in the decision of this case on the sole ground that the foregoing acts of the appellant were not committed in the presence of the circuit court or so near thereto as to obstruct or interrupt the administration of justice within the meaning of Section 26, Article 5, Chapter 61, Code, 1931.