STATE OF WEST VIRGINIA *ex rel.*
TWEEL BROWNING

*v.*

DONALD E. JARRELL, *Judge, etc., et al.*

(No. 13208)

Submitted September 20, 1972. Decided November 14, 1972.

*John V. Esposito,* for relator.

*Chauncey H. Browning, Jr.,* Attorney General, *Willard A. Sullivan, R. A. Woodall,* Assistant Attorneys General, for respondents.

KESSEL, JUDGE:

This is an original proceeding in habeas corpus instituted in this Court by Tweel Browning, as the relator, against Donald E. Jarrell, Judge of the Circuit Court of Boone County, Ed Cooke, Sheriff of Boone County, and Mat D. Bouldin, Prosecuting Attorney of Boone County, as the respondents. The relator seeks a release from the Boone County jail, where he was confined in the custody of the respondent, Sheriff Cooke, and prays that this Court declare void the judgment of the Circuit Court of Boone County, which sentenced him to jail.

On May 1, 1972, this Court issued a writ of habeas corpus, returnable on May 16, 1972, and ordered that the relator be released from custody, upon the giving of a bond in the amount of $1,000 with good surety before

the Clerk of the Circuit Court of Boone County. The case was continued from time to time until September 19, 1972, when it was submitted for decision upon the petition, the answer of the respondents, the replication of the relator, a supplementary and amended answer and return, a replication to the supplementary answer and return, various motions of the relator, affidavits filed as exhibits by the petitioner and the respondents, and upon briefs and oral argument of counsel.

The relator alleges in his petition that, on April 26, 1972, while he was in the office of the Clerk of the Circuit Court of Boone County on business, he encountered Jerry W. Cook, an attorney at law and a member of the Boone County bar, who also was in the circuit clerk's office at that time; that they "became engaged in a heated exchange of words involving absentee voting procedures and other matters pertaining to the election", and, in the heat of the argument, he struck Mr. Cook.

The relator further alleges that the altercation immediately ceased; that he left the circuit clerk's office and went outside the courthouse, where he was immediately taken into custody by a Boone County deputy sheriff who said he was acting upon the verbal orders of the respondent Circuit Judge, Donald E. Jarrell; that he was then taken before Circuit Judge, Donald E. Jarrell, who immediately held what the judge termed "a contempt hearing", at the conclusion of which hearing, the court adjudged the relator in "contempt of court", and sentenced him to serve one year in the Boone County jail.

The relator further alleges that he had no notice in writing of the charges against him and no notice of any kind whatsoever, other than the informal advice of the arresting officer that he was acting upon the orders of the respondent judge; that no rule to show cause was served upon him; and that during the proceedings he "was denied the services of an Attorney".

The relator further alleges that the office of the Clerk of the Circuit Court of Boone County is separate and apart from the chambers of the judge and the courtroom used by the Circuit Court of Boone County; and that none of the acts complained of took place in the presence of the respondent judge.

The relator further alleges that at the time of the altercation Attorney Jerry W. Cook "was not in any way acting as an officer of the Court"; was not carrying out any instructions of the court; and that the administration of justice in the courtroom or otherwise was not interrupted or obstructed.

Both the relator and the respondents agree that the proceedings held by the circuit judge are controlled by Section 26, Article 5, Chapter 61 of the Code, 1931, which is as follows:

> "The courts and the judges thereof may issue attachment for contempt and punish them summarily only in the following cases: (a) Misbehavior in the presence of the court, or so near thereto as to obstruct or interrupt the administration of justice; (b) violence or threats of violence to a judge or officer of the court, or to a juror, witness, or party going to, attending or returning from the court, for or in respect of any act or proceeding had, or to be had, in such court; (c) misbehavior of an officer of the court, in his official character; (d) disobedience to or resistance of any officer of the court, juror, witness, or other person, to any lawful process, judgment, decree or order of the said court. No court shall, without a jury, for any such contempt as is mentioned in subdivision (a) of this section, impose a fine exceeding fifty dollars, or imprison more than ten days. But in any such case the court may impanel a jury (without an indictment or any formal pleading) to ascertain the fine or imprisonment proper to be inflicted, and may give judgment according to the verdict. No court shall impose a fine for contempt, unless the defendant be present in court, or shall have been served with a rule of the court to show cause, on some certain

day, and shall have failed to appear and show cause."

The respondents filed an answer to the petition and a supplementary and amended answer. The relator filed a replication to the answer of the respondents' answer and a replication to respondents' supplementary and amended answer. The respondents filed with their supplementary and amended answer a demurrer in the following words: "The respondents demur saying that the petition fails to state a claim for relief". We hold that it does state a claim for relief and therefore overrule the demurrer. However, the accepted mode of determining the sufficiency of a writ of habeas corpus is a motion to quash the writ, rather than a demurrer. *Ex parte Settle,* 114 Va. 715, 77 S.E. 496. 39 C.J.S., *Habeas Corpus,* Section 86, page 648.

The respondents also file with their supplemental and amended answer seven exhibits, denominated from A to G, inclusive. Exhibit A is an affidavit signed by Jerry W. Cook. Exhibit B is an affidavit signed by Donald E. Jarrell, Judge of the Twenty-fifth Judicial Circuit. Exhibit C is an affidavit signed by Franklin D. Jarrell, a member of the police force of the city of Madison. Exhibit D is an affidavit signed by Charles H. Gardner, an ambulance driver. Exhibit E is an affidavit signed by David E. Wallace, a medical doctor. The relator moved this Court to strike the affidavits as exhibits for the reason that the relator was not given notice of the time and place of the taking of them and was not provided with the opportunity to cross-examine the affiants, in contravention to Section 2 of Rule IX of the Rules of this Court, which provides as follows: "Other than on ex parte hearings, affidavits will not be considered by the court unless reasonable notice be given to the opposing party or his counsel of the time and place of the taking of the same, with the right of cross-examination."

Counsel for the respondents contend that these exhibits could be filed under Section 8, Rule II of the Rules of this

Court which provides that "In any original proceeding in habeas corpus * * * instituted in this court exhibits may be filed with and made a part of the pleadings in such proceeding". We hold that the affidavits filed by the respondents in their supplementary and amended answer are in violation of Section 2 of Rule IX of the Rules of this Court and must be stricken. See *State ex rel. Scott v. Boles*, 150 W.Va. 453, 456, 147 S.E.2d 486, 489.

Relator filed the affidavit of Amos C. Wilson with his replication to the respondents' answer and, also, filed another affidavit of Amos C. Wilson with his replication to the respondents' supplementary and amended answer. These affidavits will not be considered by this Court because notice was not given to the opposing parties or their counsel of the time and place of the taking of the same, with the right of cross-examination as provided by Section 2, Rule IX of the Rules of this Court, mentioned hereinbefore.

Also filed with the respondents' supplementary and amended answer were Exhibits F and G. Exhibit F shows that the relator was convicted of first degree murder in the year of 1931, and sentenced to the penitentiary for life. We do not see how this fact has anything to do with the matter now before the Court and it will not be considered. Exhibit G is a record of court proceedings with reference to the relator on three separate days. The first was held on April 24, 1972, in which the relator was charged with "sticking his umbrella on the nose" of the Prosecuting Attorney, Mat D. Bouldin, who is one of the respondents herein. Jerry W. Cook was asked by Judge Jarrell to sit in on this hearing because he was President of the Boone County Bar Association. At the end of this hearing the court gave Mr. Browning, the relator, a stern lecture. We hold that this hearing on the 24th of April, 1972, could not be considered in the proceeding now before the Court. The matters shown in the record (Exhibit G) to have transpired on April 27, 1972, will also be disregarded for they occurred after the contempt hearing and the sentence of the relator and could have no bearing thereon.

From the record (Exhibit G) it appears that the relator was proceeded against under Code, 1931, 61-5-26 (b) which reads, in part, as follows: "The courts and the judges thereof may issue attachment for contempt and punish them summarily only in the following cases: * * * (b) violence or threats of violence to a judge or officer of the court * * * going to, attending or returning from court, *for or in respect of any act or proceeding had, or to be had, in such court; * * *.*" (Italics supplied.)

Respondent Jarrell could not have proceeded under subsection (a) of Code, 1931, 61-5-26, because the alleged misbehavior of the relator was not "in the presence of the court, or so near thereto as to obstruct or interrupt the administration of justice." See *State ex rel. Arnold v. Conley,* 151 W.Va. 584, pt. 3 syl., 153 S.E.2d 681. Judge Jarrell did not know of the altercation between the relator and Jerry W. Cook until it was made known to him by another person.

Proceeding to subsection (b), Code, 1931, 61-5-26, there is no question but that violence was done to Jerry W. Cook by the relator. He was at that time an officer of the court. An attorney practicing at the bar of the court is an officer of the court. "An attorney at law is an officer of the court under Clause 3, Section 27, Chapter 147, Code 1891." *State v. Hansford,* 43 W.Va. 773, pt. 3 syl., 28 S.E. 791.

Since he was an officer of the court, was he going to, attending or returning from court, *"for or in respect of any act or proceeding had, or to be had, in such court"?* (Italics supplied.) Jerry W. Cook testified at the contempt hearing that he was an active member of the bar of the Circuit Court of Boone County; that he was present in and about the court that morning and in attendance to the term of court; that between 9:10 and 9:15 that morning he was in the clerk's office; that he laid down his files and the relator came in. Whereupon Cook testified: "I asked him about the remarks he made. The Chafin boy with Mr. Browning stepped in between. As I turned

to walk away, Tweel Browning struck me under the left ear." Just what the remarks were about is not definitely known. Cook says "over my participating on the hearing on Monday as President of the Boone County Bar." The relator says it was over a bet he and Cook had concerning the outcome of the primary election. He is corroborated in this by the testimony of the witness, Kenneth Chafin, who was with Browning.

April 26, 1972, was arraignment day in the Circuit Court of Boone County. Just what time court convened that morning is not disclosed by the record. Just what business, if any, Jerry W. Cook had in court that morning is not disclosed also. He said he had a file with him but did not say what kind of a file or to what it pertained.

In order to find the relator guilty of contempt of court under this section, the attorney in this case would necessarily have to be going to court *"for or in respect of any act or proceeding had, or to be had, in such court"*. (Italics supplied.) In *State ex rel. Cox v. Taft,* 143 W.Va. 106, 100 S.E.2d 161, the second point of the syllabus is as follows: " 'A trial for criminal contempt is a quasi criminal proceeding, and the rules of evidence in criminal trials apply thereto. In such trial the guilt of the accused must be proved beyond reasonable doubt.' Point 2, Syllabus, *State ex rel. Continental Coal Company v. Van A. Bittner,* 102 W.Va. 677." The proof falls short of this requirement. We must, therefore, hold that the proof was not sufficient to find the relator guilty of contempt of court. In the light of this holding we do not deem it necessary to consider the other questions raised by the pleadings in this case.

For reasons stated in this opinion, the prisoner is discharged from the custody of the Sheriff of Boone County.

*Prisoner discharged.*

Judge Haden, considering himself disqualified, did not participate in this decision.